SHERMAN BLUMENBERG *v.* THE STATE.

CRIMINAL LAW.   *Amendment of indictment.*

It is improper to amend an indictment for selling spirituous liquor by changing the name of the person to whom it is charged the liquor was sold, from "J. T. M." to "A. T. M.," they being different persons, although the proof may show that the accused had sold liquor to the latter, if it also appears that it was for the sale of liquor to "J. T. M.," and not to "A. T. M.," that the grand jury presented the indictment. Identity of the name is not essential, but identity of the offense and of the person is.

ERROR to the Circuit Court of Attala County.

Hon. WILLIAM COTHRAN, Judge.

The case is stated in the opinion of the court.

*Jason Niles,* for the plaintiff in error.

The record presents a case of an indictment for unlawfully retailing spirituous liquors to one man, and a conviction, under that indictment, for retailing to another.   The accused is indicted for one offense, and convicted of another.   There was no "misdescription" of the person to whom the liquors

were charged to have been sold. The question then arises, Can a man be tried for unlawfully selling whisky to one person, on an indictment that charges a sale to another? If this can be done, what becomes of the constitutional provision which declares that "the accused shall have a right to demand the nature and cause of the accusation" against him? The right to amend the indictment cannot be carried so far as to put the accused on trial for one crime, and in the same trial convict him of another. *Murphy* v. *The State*, 24 Miss. 590; *Miller* v. *The State*, 53 Miss. 403.

*T. C. Catchings*, Attorney-General, for the State.

The action of the court in allowing the indictment to be amended, by inserting the name of A. T. Middlebrook instead of J. T. Middlebrook, was fully justified by section 2799 of the Code of 1871.

CHALMERS, J., delivered the opinion of the court.

The plaintiff in error was indicted for unlawfully selling liquor to J. T. Middlebrook. Upon the trial the proof established the fact that he had sold the liquor to A. T. Middlebrook, and thereupon the district attorney amended the indictment, by leave of court, against the objection of the accused, by changing the name in the indictment. If we could regard this as a mere mistake in the name, and the correction as conforming the indictment to the person intended by the grand jury, the amendment would be proper, under section 2799 of the Code of 1871, as expounded in *Miller* v. *The State*, 53 Miss. 403. In other words, if the grand jury indicted the plaintiff in error for selling liquor to the person whose real name was A. T. Middlebrook, but whom they erroneously supposed to be named J. T. Middlebrook, then the power of so amending as to conform to the truth existed; but the proof seems to show that this was not the case. There were in the county both a J. T. and an A. T. Middlebrook.

It was J. T. who appeared before the grand jury; it was to

him that the indictment charged the liquor to have been sold; and it was his name that was marked upon the back of the indictment, as a witness for the state. None of these things were true as to A. T. Middlebrook. Every presumption, therefore, must be that it was the sale of liquor to J. T. Middlebrook that was presented by the grand jury. From some cause he was not called as a witness, but A. T. Middlebrook was. The latter testified to a purchase of liquor by himself, within or about two years before the trial of the case; but this, of course, did not negative the idea of a sale to J. T. Middlebrook also. If there was such sale to the latter, and it was this sale that the grand jury intended to present, it was improper to so amend the indictment as to make it charge a different sale to another person. Identity of name is not essential, but identity of the offense and of the person is. The name may be changed so as to conform to the truth, but the person cannot be changed, because this would be the finding of a new bill, and not the amendment of the one found by the grand jury. The amendment was improper.