279 So.2d 602 (1973)
Cecil PARCHMAN
v.
STATE of Mississippi.
No. 47390.
Supreme Court of Mississippi.
June 5, 1973.
*603 J.B. Mitchell, Corinth, for appellant.
A.F. Summer, Atty. Gen., by Ben H. Walley, Sp. Asst. Atty. Gen., Jackson, for appellee.
GILLESPIE, Chief Justice:
Cecil Parchman (defendant) was convicted in the Circuit Court of Alcorn County for shooting and wounding Grady Rainey. The incident occurred in the early morning hours of October 24, 1970, as Grady Rainey, Harmon Rainey and the defendant were returning home after a day of picking cotton. The trio was riding in a pickup truck with Grady at the wheel, Harmon in the middle, and the defendant on the right side. After they had traveled about three and a half miles, the defendant suddenly began firing a pistol. Both Grady and Harmon were wounded in the barrage. The evidence tended to show that Harmon and the defendant had purchased four or five fifths of wine earlier in the day with the defendant having consumed the major portion of the wine.
Harmon Rainey appeared alone to testify before the grand jury at the January 1971 term. Grady Rainey was still hospitalized at this time. As a result of the grand jury's investigation, an indictment was returned charging the defendant with shooting Harmon Rainey. The defendant entered a plea of not guilty to the indictment and the case was continued to the October 1971 term. When the case was called at the October term, the district attorney moved the court for an amendment to the indictment changing the name of the victim from "Harmon" Rainey to "Grady" Rainey. The amendment was allowed over objection by the defendant, and defendant's subsequent motion to quash was overruled. Defendant assigns this action of the trial court as error.
With respect to amendments which seek to change the name or description of a person to which the indictment refers, it has been held that changes which conform the indictment so as to correctly name the person intended by the grand jury are allowable. However, if the amendment results in changing the identity of the person, so as to name a person other than the one intended by the grand jury, it is a substantive change and is not allowable. Blumenberg v. State, 55 Miss. 528 (1878). In Blumenberg, the defendant was indicted for selling liquor to one J.T. Middlebrook. At trial, the court allowed an amendment so as to change the name to A.T. Middlebrook. Development of the evidence revealed that J.T. Middlebrook and A.T. Middlebrook were separate persons and that the defendant had sold liquor to each on different occasions. It was apparent that the grand jury had intended J.T. Middlebrook; thus the amendment charged a separate offense involving a different person. The court held that this was not allowable.
The record reveals a different situation here. At the hearing on the motion for *604 the amendment, both Harmon Rainey and the county prosecutor testified that the grand jury intended to indict the defendant for shooting Grady and that the placing of Harmon's name on the indictment was a mistake.
Another distinction between Blumenberg and the instant case lies in the fact that in Blumenberg, there were two separate and distinct sales of liquor, whereas here, there was one shooting from which both Harmon and Grady sustained wounds. A defense against a charge of shooting Harmon would be equally as good against a charge of shooting Grady. In Byrd v. State, 228 So.2d 874 (1969), this Court approved the following language from 42 C.J.S. Indictments and Information § 240, page 1250 (1944):
The test of whether an accused is prejudiced by the amendment of an indictment or information has been said to be whether or not a defense under the indictment or information as it originally stood would be equally available after the amendment is made and whether or not any evidence accused might have would be equally applicable to the indictment or information in the one form as in the other; if the answer is in the affirmative, the amendment is one of form and not of substance. Byrd, supra at p. 875.
The defendant was not prejudiced by the amendment. The record affirmatively shows that the grand jury intended to indict the defendant for shooting Grady Rainey. Moreover, even if this were not true, the merits of the case would be the same and a defense available in one would be available in the other.
Defendant assigns several other matters, none of which merit discussion.
Affirmed.
SMITH, SUGG, WALKER and BROOM, JJ., concur.