739 So.2d 402 (1999)
Chester MITCHELL a/k/a Chester Mitchell, Jr., Appellant.
v.
STATE of Mississippi, Appellee.
No. 96-KA-01400-COA.
Court of Appeals of Mississippi.
April 20, 1999.
*403 Lynda Carol Robinson, Jackson, Johnnie E. Walls, Jr., Greenville, Attorneys for Appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., COLEMAN, AND THOMAS, JJ.
THOMAS, J., for the Court:
¶ 1. Chester Mitchell was convicted of sale of a controlled substance by a Bolivar County Circuit Court jury. He appeals arguing that the lower court erred in admitting a still photograph taken from a videotape of the drug sale and in allowing the State to amend his indictment to conform to the evidence presented at trial. Finding no error, we affirm.

ANALYSIS
¶ 2. On February 7, 1996, undercover officer Stacy James and a confidential informant, Gilbert Fields, were provided $40 in state funds and went on a mission to purchase drugs. They drove to Richard's Pool Hall in Bolivar County and made contact with Mitchell to whom they indicated that they wanted a "40". Mitchell went inside the pool hall and came back to the automobile and got in the backseat. Mitchell gave Fields three small rocks of crack cocaine, and Fields paid him $40. Mitchell was indicted for selling crack cocaine to James.
¶ 3. During the trial, through the videotape of the transaction and the testimony of James and Fields, it became clear that Mitchell had sold the crack cocaine to *404 Fields, not James. After the State presented its case, the prosecution moved the trial court to amend the indictment to conform to the evidence that Mitchell had sold the cocaine to Fields not James. Over objection from the defense, the judge allowed the amendment.
¶ 4. Mitchell testified in his own behalf. Mitchell stated that he had leaned in the car, but he did not sell any crack cocaine. The jury believed the State's version of events and found Mitchell guilty of the sale of a controlled substance.
¶ 5. Mitchell argues that the amendment to the indictment was one of substance, not form, and could only be made by the grand jury. "It is fundamental that courts may amend indictments only to correct defects of form, however, defects of substance must be corrected by the grand jury." Lester v. State, 692 So.2d 755, 774-75 (Miss.1997) (citation omitted). "[A] change in the indictment is permissible if it does not materially alter facts which are the essence of the offense ... as it originally stood or materially alter a defense to the indictment as it originally stood so as to prejudice the defendant's case." Id. at 775 (citation omitted). "The test ... is whether the defense as it originally stood would be equally available after the amendment is made." Eakes v. State, 665 So.2d 852, 859-60 (Miss.1995) (citations omitted).
¶ 6. Mitchell cites the case of Parchman v. State, 279 So.2d 602 (Miss.1973), as dispositive of this issue. In Parchman, the Court stated that amending an indictment to change the identity of the person named in the indictment, so as to name a person other then the one intended by the grand jury, was a substantive change not a change as to form. Id. at 603. However, the Court found in this case that when the trial court changed the indictment to correctly name the person intended by the grand jury the change was to form rather than substance. Id.
¶ 7. The defendant in Parchman shot both Grady Rainey and Harmon Rainey. Id. As Grady was hospitalized, Harmon alone appeared before the grand jury. Id. The grand jury returned an indictment charging the defendant with shooting Harmon. Id. When the case was called, the prosecution sought to amend the indictment, changing the name from Harmon to Grady. Id. The lower court allowed the amendment of the indictment. Id. The Mississippi Supreme Court upheld the amendment as one shooting injured both Grady and Harmon. Id. at 604. "A defense against a charge of shooting Harmon would be equally as good as against a charge of shooting Grady." Id. The court held that "the merits of the case would be the same and a defense available in one would be available in the other." Id.
¶ 8. The court in Parchman reached its decision based on the precedent of Blumenberg v. State, 55 Miss. 528 (1878). In Blumenberg the defendant had sold liquor to two different persons on two different occasions. Id. at 529-30. During trial, the court allowed an amendment to the indictment where they changed the name of one purchaser to the name of the other purchaser. Id. at 529. The Court held that it was "improper to so amend the indictment as to make it charge a different sale to another person." Id. at 530.
¶ 9. Here, both Fields and James were together in the vehicle when the drug sale occurred. The only distinction between the two is that Mitchell handed the drugs to the confidential informant rather than the officer. The lower court allowed Mitchell thoroughly to cross-examine both James and Fields on this matter. The amendment to the indictment in the present case, like that of Parchman, allowed a defense against a charge of selling cocaine to James as was equally available against Fields. There was sufficient notice to Mitchell of the crucial elements of this offense to be proven, that he sold and delivered to another person a controlled substance. Before trial, Mitchell was also allowed to view the videotape which showed him selling to Fields rather than James. We find Mitchell suffered no prejudice because of the amendment to the indictment.
*405 ¶ 10. Mitchell next argues that the trial court erred in admitting a still photograph taken from a frame of the videotape of the transaction. During the testimony of James the videotape of the sale was admitted into evidence. Soon thereafter, the State sought to introduce into evidence a photograph of Mitchell's face, taken from a frame of the videotape. Defense counsel objected stating: "We object. The videotape shows adequately his face. Not a still photograph taken from the tape." On appeal, Mitchell argues that the State did not authenticate the photograph and they laid no predicate to usher the photograph in evidence. The State argues that Mitchell is procedurally barred from raising this issue on appeal, as the defense's objection at trial differs from the grounds raised on appeal. We agree. An "objection on one ground at trial waives all other grounds for objection on appeal." Lester, 692 So.2d at 772. In any event, if we accept Mitchell's argument that the State did not authenticate the photograph and laid no predicate, the admission in this case was harmless error in view of the fact that it was nothing more than cumulative to the admissible videotape. We find no error and therefore affirm.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY OF CONVICTION OF SALE OF A CONTROLLED SUBSTANCE AND SENTENCE OF SIX YEARS WITH THREE YEARS SUSPENDED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, LEE, AND PAYNE, JJ., CONCUR.
IRVING, J., NOT PARTICIPATING.