IRVING, J.,
for the Court:
¶ 1. James Pearson a/k/a Jimmie Pearson was indicted, tried, and convicted of the charge of burglary in the Circuit Court of Harrison County, Mississippi, Second Judicial District. He was sentenced, as a habitual offender, to serve seven years in the custody of the Department of Corrections, with no hope or possibility of parole.
FACTS
¶2. The facts, according to the State’s proof, are as follows:
¶ 3. The night of January 11, 1994, Officer Larry Anthony Kirk of the Biloxi Police Department was dispatched to the Loaves and Fishes soup kitchen on Rey-noir Street, by the tripping of a silent alarm on the premises. At the trial of this matter, Kirk testified that ten to fifteen seconds after his arrival at the soup kitchen, he heard someone inside the building. The noise, he testified, “sounded like stuff falling, someone shuffling, being moved around.” After calling for assistance, Kirk looked through the window and “noticed a black male subject holding a cigarette fighter looking into a freezer.” This person was taking items out of the freezer and placing them into a white bag.
¶4. As the subject exited the building, Kirk drew his weapon and ordered him to drop any items in his hand and to rest against the wall. Following the arrival of additional officers on the scene, the subject was secured and asked his name. The subject identified himself as James Sey *348 mour and said that he worked at the establishment. The white bag that Officer Kirk had seen while looking through the window was lying open, where it had fallen, and Kirk saw that it contained “prepackaged” meats and vegetables, which were frozen, with frost still on them. Kirk testified that the door, through which the subject exited, had been forcibly opened and was pulled from the frame. Among the additional officers dispatched to the scene in response to Kirk’s call for assistance, was an officer, who identified the subject as James Pearson. A search of the subject revealed a State-issued identification card that confirmed the subject’s identity as James Pearson. At trial, Kirk positively identified James Pearson as the person he had apprehended at Loaves and Fishes on the night in question.
¶ 5. Officer Kirk was asked, at trial, if he knew the purpose of Loaves and Fishes. He responded that to the best of his knowledge, it was a charitable organization of the Catholic church. At the conclusion of Kirk’s testimony, the State rested.
¶ 6. Pearson made a motion for a directed verdict at the close of the State’s case. The basis of the motion was three alleged failures in the State’s proof, specifically, that the State failed to prove: (1) breaking and entering by Pearson; (2) ownership of the property; and (3) felonious intent by Pearson. A recess was called to allow the State and Pearson time to provide legal authority on their arguments.
¶7. No ruling on Pearson’s motion for directed verdict appears on the record. The record does disclose that the State’s ore terms motion to go forward and present another witness was granted over Pearson’s objection.
¶ 8. When the trial resumed the next day, the State was allowed to call Mary Joiner, kitchen manager for Loaves and Fishes. Pearson objected to her testimony and the court granted a continuing objection to the line of testimony. Mary Joiner testified that the building was owned by the Catholic Diocese of Biloxi. She also testified that the contents of the building were owned by Loaves and Fishes and that the food had been donated by various churches, organizations and individuals. She testified that Loaves and Fishes did not belong to the Catholic Diocese of Biloxi but rather was an ecumenical, nonprofit program. When asked about the source of her information regarding ownership of the building, Ms Joiner testified that it was obtained by receiving mail at that location over a four and one-half year period and through conversations with other individuals.
¶ 9. Pearson objected to Ms. Joiner’s testimony on the ground that she lacked direct knowledge of the ownership of the building. The objection was overruled. The State rested.
¶ 10. Pearson renewed his motion for a directed verdict. It was denied. The State’s ore terms motion to modify the indictment to change the name of the victim from “Catholic Social Services” to “Catholic Diocese of Biloxi” was granted over Pearson’s objection.
¶ 11. Pearson testified in his own defense. After his testimony, he rested. After ten minutes of deliberations, the jury returned a guilty verdict.
DISCUSSION OF THE LAW
I. DID THE TRIAL COURT ERR WHEN IT FAILED TO RULE ON APPELLANT PEARSON’S MOTION FOR A DIRECTED VERDICT?
Standard of Review
¶ 12. The Mississippi Supreme Court in Gleeton v. State, 716 So.2d 1083, 1087 (Miss.1998) held that the standard of review applied to motions for directed verdict or J.N.O.V. is as follows:
Requests for a directed verdict and motions JNOV implicate the sufficiency of the evidence. The standard of review for the legal sufficiency of the evidence is well-settled:
*349 [W]e must, with respect to each element of the offense, consider all of the evidence—not just the evidence which supports the case for the prosecution—in the light most favorable to the verdict. The credible evidence which is consistent with the guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury. We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty. Wetz v. State, 503 So.2d 803, 808 (Miss.1987) (citations omitted), Franklin v. State, 676 So.2d 287, 288 (Miss.1996).
¶ 13. In support of this assignment of error, Pearson alleges that at the time he made his motion for directed verdict the trial court was required to base its ruling on the motion on the evidence that had been presented at that point in time, and since, at that point, there was no credible evidence of ownership of the burglarized property, the State had failed to prove all elements of the crime, thus entitling him to a dismissal. Instead, the State was allowed to reopen its case to call a witness who was able to provide credible testimony regarding the ownership of the property.
¶ 14. We agree with the State’s characterization of this argument as tantamount to a challenge of the lower court’s decision to allow the State to reopen its case. The Mississippi Supreme Court said in Nash v. State, 278 So.2d 779, 779 (Miss.1973), “we have long held that the reopening of a case is within the sound discretion of the trial court.” (citing) Ford v. State, 218 So.2d 731 (Miss.1969), and Riley v. State, 248 Miss. 177, 157 So.2d 381 (1963).
¶ 15. We do not find that the trial court abused its discretion in allowing the State to reopen its case to receive the additional evidence concerning the ownership of the building. Once this additional testimony was admitted, it is clear that the denial of the motion for directed verdict was proper and supported by the evidence. The fact that Pearson objected to the admission of this additional evidence on the basis that the witness did not have personal knowledge of the subject matter about which she testified avails him naught. Had Joiner attempted to testify specifically about what others had told her concerning the ownership of the building, there is no doubt that the trial judge would have been constrained to sustain Joiner’s hearsay-based objection. Instead, Joiner gave conclusory testimony about the building’s ownership, based on knowledge she had acquired from both conversations with others and mail received at the building’s location. The record is silent as to the content of the mail. Therefore, we cannot conclude that information extracted from the mail was also hearsay, and in the absence of any evidence that Joiner’s testimony, concerning ownership of the building, was based solely on hearsay, we cannot hold the trial court in error for overruling Pearson’s objection to Joiner’s testimony. We find that this assignment of error is without merit.
II. DID THE TRIAL COURT ERR IN ALLOWING THE STATE TO AMEND THE INDICTMENT TO CHANGE THE IDENTITY OF THE VICTIM?
¶ 16. Pearson concedes that amendments to indictments are allowed to conform to the proof educed at trial. Miss. Code Ann. Section 99-17-13 (Rev.1994). He further concedes that, with respect to amendments which seek to change the name of a person to whom the indictment refers, it has been held that changes which conform the indictment so as to correctly name the person intended by the grand jury are allowable. However, citing Parchman v. State, 279 So.2d 602, 603 (Miss.1973), he claims that the amendment *350 allowed by the trial court, in the case at bar, was one that resulted in changing the identity of the person, so as to name a person other than the one intended by the grand jury and was, therefore, a substantive change and one not allowed by the statute. Pearson’s claim in this regard is plainly and simply a distortion of the facts. Ms. Mary Joiner, the witness called by the State, who provided the testimony regarding ownership of the building Pearson was alleged to have burglarized, and whose testimony the State relied upon to request the amendment to the indictment, merely correctly identified the owner as the Catholic Diocese of Biloxi rather than Catholic Social Services. The ownership entity of the building intended by the grand jury was the entity that owned a building located at 191 Reynoir Street, Biloxi, Mississippi. On the basis of the authority cited by Pearson, namely, Parchman, this is precisely the type of change in the indictment that is allowable.
¶ 17. With respect to amendments which seek to change the name or description of a person to which the indictment refers, it has been held that changes which conform the indictment so as to correctly name the person intended by the grand jury are allowable.
Parchman, 279 So.2d at 602. (citation omitted.)
¶ 18. Pearson claims to have been prejudiced by the amendment to the indictment. He alleges that he was forced to proceed without the necessary time to investigate the relationship, if any, between Catholic Social Services, the Catholic Diocese of Biloxi, and Loaves and Fishes and suffered extreme prejudice to his defense, as a result.
¶ 19. In Byrd v. State, 228 So.2d 874, 875 (Miss.1969), the Mississippi Supreme Court approved the following language from 42 C.J.S. Indictments and Informations § 240 (1944):
The test of whether an accused is prejudiced by the amendment of an indictment or information has been said to be whether or not a defense under the indictment or information as it originally stood would be equally available after the amendment is made and whether or not any evidence accused might have would be equally applicable to the indictment or information in the one form as in the other; if the answer is in the affirmative, the amendment is one of form and not of substance.
¶ 20. Pearson was not prejudiced by the amendment. The record affirmatively shows that the grand jury intended to indict Pearson for burglarizing the building located at 191 Reynoir Street, the address mentioned in the indictment. Despite the fact that the name of the building owner was not correct, the defense available to Pearson in the indictment charging him with burglary of a building owned by Catholic Social Services and located at 191 Reynoir Street, Biloxi, would be available to him in an amended indictment charging him with burglary of a building owned by Catholic Diocese of Biloxi and located at 191 Reynoir Street, Biloxi. Clearly he was not prejudiced by the trial court’s allowance of the amendment. His defense was that he was never in the building located at 191 Reynoir Street, that he was simply walking past the building located there, no matter who owned it.
III. DID THE TRIAL COURT ERR IN NOT GRANTING APPELLANT’S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR IN THE ALTERNATIVE MOTION FOR A NEW TRIAL?
¶ 21. The Mississippi Supreme Court has held in Harrell v. State, 583 So.2d 963, 964 (Miss.1991) that reviewing the sufficiency of evidence to support a verdict requires the appellate court to consider the evidence in the light most favorable to the State. All evidence that supports or tends to support the verdict, as well as all reasonable inferences that may be drawn from the evidence, must be accepted as true, (citations omitted).
*351 ¶ 22. Pearson acknowledges that this is the standard for review, and he cites authorities for this proposition. However, he then proceeds to argue incessantly about the lack of evidence from the State regarding ownership of the burglarized building. In doing so, he would have this Court ignore all of the evidence that places him inside of the burglarized building at the time the silent alarm was tripped, and his coming out of the building with a bag of frozen foodstuff in his hand. It is his claim that all of that evidence was insufficient to enable any reasonable jury to return a verdict of guilty to the offense of burglary. This Court can find no basis whatever to agree with this argument. This assignment of error is denied.
IV. DID APPELLANT RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 23. Pearson claims that there were several instances, during the trial of this matter, in which his counsel was deficient. His first claim is that counsel reserved his opening statement until after the State rested its case-in-chief, then failed to make any opening statement at all during the trial, thus allowing the prosecution’s detailed and incriminating opening statement to go unchallenged in the minds of the jurors. Secondly, Pearson claims that counsel failed to interview, subpoena, or call to testify any witness who could establish Pearson’s whereabouts on the evening in question. Lastly, Pearson claims that counsel failed to ensure that the argument on Pearson’s motion for a directed verdict was placed in the record.
¶ 24. Pearson cites Moody v. State, 644 So.2d 451 (Miss.1994) as an authority and an example of a case in which the Mississippi Supreme Court considered failure by counsel to make an opening statement and failure to interview and subpoena witnesses in determining that counsel was ineffective. What Pearson fails to point out is that the Moody case involved a list of twenty-one trial counsel deficiencies and resulting prejudice. The Moody court did not hold, as Pearson seems to suggest, that the failure to make an opening statement or to call or subpoena witnesses, in and of itself, constituted ineffective assistance of counsel.
¶ 25. What Moody did hold was that anyone claiming ineffective assistance of counsel has the burden of proving, not only that counsel’s performance was deficient but also that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Additionally, Pearson must show that there is a reasonable probability that but for his attorney’s errors, he would have received a different result in the trial court. Nicolaou v. State, 612 So.2d 1080, 1086 (Miss.1992). Finally, the court must then determine whether counsel’s performance was both deficient and prejudicial based upon the totality of the circumstances. Carney v. State, 525 So.2d 776, 780 (Miss.1988).
¶ 26. On this issue, this Court, must agree with the State that none of these claims, considered in the light of the record, passes scrutiny under Strickland. Pearson has failed to make any showing of prejudice within the meaning of Strickland. He has failed to demonstrate a reasonable probability that the results of the trial would have been different had his counsel performed otherwise. Robinson v. State, 585 So.2d 735, 737 (Miss.1991). Finally, it appears that the reason that no prejudice was demonstrated in this case is that it is clear from the record that Pearson is hopelessly guilty, and this overwhelming evidence of his guilt makes the jury’s verdict in this case thoroughly reliable. Ward v. State, 461 So.2d 724, 727 (Miss.1984). Consequently, any errors of counsel were not enough to deprive Pearson of a fair trial, a trial whose result is reliable. Chase v. State, 699 So.2d 521, 526 (Miss.1997). This assignment of error is overruled. The judgment of the trial court is affirmed.
*352 ¶ 27. THE JUDGMENT OF THE CIRCUIT COURT OP THE SECOND JUDICIAL DISTRICT OF HARRISON COUNTY OF CONVICTION OF BURGLARY AND SENTENCE OF SEVEN (7) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE HARRISON COUNTY.
McMILLIN, C. J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, LEE, AND PAYNE, JJ., CONCUR.
THOMAS, J., NOT PARTICIPATING.