815 So.2d 429 (2002)
Marryo Donta HAMPTON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-01237-COA.
Court of Appeals of Mississippi.
April 16, 2002.
*430 Joe Thomas Gay, Melissa Anne McLaughlin Harrison, Ripley, attorneys for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
EN BANC.
BRANTLEY, J., for the court.
¶ 1. Marryo Donta Hampton was convicted in the Benton County Circuit Court of robbery. Aggrieved, Hampton appeals arguing that the trial court erred in allowing an amendment of the indictment and in allowing inappropriate comments by the district attorney during closing argument. Finding no error, we affirm.

FACTS
¶ 2. On December 12, 2000, the police responded to a call that a young man had robbed Abel's Store in Benton County and left in a black Nissan automobile. The police intercepted the car that had turned down a road and stopped. Charleton Hudson was standing outside the car. Hampton was walking toward the car away from a ditch. The police took both men into custody. The deputy sheriff searched the area and found a pellet gun, a toboggan and cash. Another officer found a red bandana along the road coming from the store. Both were indicted for robbery by fear.
¶ 3. During the trial, Imogen McMullen, the store's manager, testified that on the morning of the robbery a young man came into the store and bought some chips. After the young man left, McMullen's husband followed him outside but did not see a car. Within a few minutes, another young man came in, grabbed her husband, pointed a gun at her and demanded money. When the man left, the husband saw a black Nissan automobile leaving the area at a high rate of speed.
¶ 4. Hudson pled guilty and testified at trial. He stated that Hampton entered the store first to buy chips and a drink. After being told that two people were in the store, Hudson went into the store with a red bandana over his face. Hudson stated that he grabbed the man, pointed the gun at the lady and demanded money. He also said that he and Hampton left the scene in Hampton's black Nissan automobile. When they saw the police, Hampton turned the car down a road and stopped. After stopping, Hampton got out of the car and went to a nearby ditch where the police later found the cash, a toboggan and pellet gun.
¶ 5. After the State rested, the defense also rested its case without putting on any witnesses or evidence. The jury returned a verdict of guilty. Hampton filed his notice of appeal arguing that the trial court erred in amending the indictment *431 and in allowing the district attorney to make inappropriate comments during closing arguments.

DISCUSSION OF THE ISSUES

I. WHETHER THE TRIAL COURT ERRED IN AMENDING THE INDICTMENT.
¶ 6. Hampton argues that the trial court erred in allowing an amendment to the indictment. The original indictment stated the property stolen belonged to "Imogen McMillen d/b/a Abel's Store." Without an objection, the indictment was amended to correct the spelling of "McMillen" to "McMullen." However, the defense objected to the second amendment which changed the property owner to "Inez McGaughy d/b/a Abel's Store." Hampton argues that this amendment was one of substance not form.
¶ 7. An indictment may be amended to conform with the proof at trial. Miss.Code Ann. § 99-17-13 (Rev.2000). However, the change can only be one of form not substance and not prejudice the defendant. Jackson v. State, 450 So.2d 1081, 1082 (Miss.1984). Hampton argues that the amendment resulted in a change in the identity of the owner of the stolen property, which would be a substantive change.
¶ 8. During the trial, Ms. McMullen testified that she was an employee who operated the store for Inez McGaughy. The testimony also revealed that the money stolen actually belonged to the business, Abel's Store that McGaughy owns. Therefore, the amendment changed the name of the owner of the store, not the owner of the property stolen. "[A]mendments which seek to change the name or description of a person to which the indictment refers" are allowable in order to "correctly name the person intended by the grand jury." Pearson v. State, 740 So.2d 346, 350(¶ 17) (Miss.1999) (citing Parchman v. State, 279 So.2d 602, 603 (Miss.1973)). Here, the change was a change of form not substance.
¶ 9. Additionally, Hampton fails to state how this change prejudiced him. See Pearson, 740 So.2d at 350 (¶¶ 18-20). The property he was found guilty of taking was money from inside Abel's Store. Changing the indictment to reflect the true owner of Abel's Store did not change that the money from Abel's Store's cash register was stolen. We cannot see how Hampton could have been prejudiced by this amendment. Therefore, the amendment of the indictment was proper.

II. WHETHER THE TRIAL COURT ERRED IN ALLOWING INAPPROPRIATE AND INCORRECT REMARKS BY THE DISTRICT ATTORNEY DURING CLOSING ARGUMENTS.
¶ 10. Hampton also argues that the court erred in allowing inaccurate and inappropriate comments by the district attorney (DA) and assistant district attorney (ADA) during closing argument. The State counters that only one comment was objected to and that comment was not so egregious to warrant a mistrial. The alleged inappropriate comments during closing argument by the district attorney are as follows:
DA: This is a typical case. In America, we've got a Constitutional Right to a trial. People have fought and died. We're celebrating our holiday next week because of people fighting and dying for the rights that we have as American citizens. He's got that right to sit here and shoot craps if he wants to when the evidence is crystal clear. That's what he's doing. He's wanting to gamble on one juror being weak and hanging up the jury. That's what his intent is.

*432 DEFENSE: Your Honor, we're going to object. That's improper, what his intent is.
COURT: He's in final argument. The jury can disregard anything they want to disregard. Go ahead.
DA: ... [t]he other guy has paid for what he's done. The judge is going to sentence him. I didn't stop that plea. Ralph [ADA] didn't stop that plea. I couldn't stop him from coming up here and pleading now. It's the judge that's going to sentence him, but he needs to pay for what he's done. He doesn't want to do that. He wants to shoot craps, put us through a day of work, and I submit to you it shouldn't take you very long to go back there and find that man guilty of robbery because that's he is.
In addition, Hampton argues that the assistant district attorney misstated the testimony by Hudson in the following:
ADA: Charles [Hudson] told you what he did, slung gravel, went blowing down the road, started chunking stuff out of the car, and [Hampton] said, "Where is my half of the money? Where is my half of the money?"
¶ 11. A contemporaneous objection must be made in order for this Court to consider claims of improper or erroneous comments by a prosecuting attorney during closing arguments or the objection is waived. Lanier v. State, 533 So.2d 473, 478 (Miss.1988); Livingston v. State, 525 So.2d 1300, 1307 (Miss.1988). Although, "if a comment is so inflammatory that the trial court should have objected on his own motion, the point may be considered." Livingston, 525 So.2d at 1307.
¶ 12. The assistant district attorney stated during closing arguments that Hudson testified that Hampton asked for his half of the money. After reviewing the actual testimony, we find that Hudson did not make this statement. However, we find that the defense attorney remedied this error during his own closing argument by pointing out that Hudson did not testify to that statement. Additionally, Hampton failed to make a contemporaneous objection to the statement. Nevertheless, we find that the statement was not so inflammatory to warrant reversal.
¶ 13. Hampton argues that the district attorney made improper comments concerning the defendant's decision to exercise his right to a trial. Hampton did make a contemporaneous objection to the first comment, but not the second one set forth above. However, we will address both sets of comments made by the district attorney during closing arguments in relation to the defendant's right to trial to determine whether the comments warranted a mistrial.
¶ 14. The essence of the district attorney's closing argument was that the evidence is so overwhelmingly against the defendant considering that his co-indictee entered a plea bargain and testified against Hampton. He made several comments on Hampton's decision to go to trial. The Mississippi Supreme Court has held that it is reversible error for a prosecuting attorney to comment on the defendant exercising his constitutional right not to testify. Ladner v. State, 584 So.2d 743, 754 (Miss.1991). However, the Court has not ruled on comments on a defendant exercising his constitutional right to trial.
¶ 15. We find that the district attorney's derogatory comments concerning Hampton's decision to exercise his constitutional right to a trial instead of entering a guilty plea are not per se improper, but we caution all prosecutors against negatively commenting on a defendant who exercises his constitutionally protected *433 rights, whether that is the right to silence or the right to a trial.
¶ 16. "The standard of review that appellate courts must apply to lawyer misconduct during opening statements or closing arguments is whether the natural and probable effect of the improper argument is to create unjust prejudice against the accused so as to result in a decision influenced by the prejudice so created." Sheppard v. State, 777 So.2d 659, 661(¶ 7) (Miss.2001). We find the district attorney's comments to be harmless in this case, because the evidence was so overwhelming that we cannot find that the district attorney's comments resulted in any unjust prejudice against Hampton.
¶ 17. Here, Hudson testified that he robbed the store while Hampton waited in the car. Hampton drove the car away from the store, while throwing items out of the car. In addition, the sheriff's department found the money, weapon and clothing in a ditch near where the detective saw the defendant when the deputy took both Hampton and Hudson into custody. Additionally, a red bandana was found along the road between the store and the location where the car stopped. Although, we find that the district attorney's comments during closing arguments were improper, they were harmless. Therefore, finding no reversible error, we affirm.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF BENTON COUNTY OF CONVICTION OF ROBBERY AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BENTON COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, MYERS AND CHANDLER, JJ. CONCUR.
IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, P.J.
IRVING, J., Dissenting:
¶ 19. The majority holds that it was not per se improper for the State to make derogatory comments concerning Hampton's decision to exercise his constitutional right to put the State to the task of proving him guilty beyond a reasonable doubt. More specifically, the majority finds that the following comments made during the closing argument by the district attorney constitute harmless error:
This is a typical case. In America, we've got a Constitutional Right to a trial. People have fought and died. We're celebrating our holiday next week because of people fighting and dying for the rights that we have as American citizens. He's got that right to sit here and shoot craps if he wants to when the evidence is crystal clear. That's what he's doing. He's wanting to gamble on one juror being weak and hanging up the jury. That's what his intent is.
* * * * * *
The other guy has paid for what he's done. The judge is going to sentence him. I didn't stop that plea. Ralph didn't stop that plea. I couldn't stop him from coming up here and pleading now. It's the judge that's going to sentence him, but he needs to pay for what he's done. He doesn't want to do that, he wants to shoot craps, put us through a day or [sic] work, and I submit to you it shouldn't take you very long to go back there and find that man guilty of robbery because that's [sic] he is.
I do not believe the comments are harmless error; therefore, I dissent.
¶ 20. Section 26 of Article 3 of the Mississippi Constitution provides, among *434 other things, that the accused shall have the right to "a speedy and public trial by an impartial jury ... and shall not be compelled to give evidence against himself." Section 31 of Article 3 of the Mississippi Constitution provides that "[t]he right of trial by jury shall remain inviolate...." If an accused has a constitutional right to a trial by jury, it must necessarily follow that he also has a right not to plead guilty, and any suggestion by the State that the accused should plead guilty surely must be improper. Of course, the majority concedes as much but, as previously observed, finds that the comments constitute harmless error. This finding of the majority is based on the fact that a co-defendant pleaded guilty and testified against Hampton. The State relied substantially on the testimony of the accomplice to make its case. I cannot agree that the testimony of an accomplice implicating an accused, who makes a deal to save his own skin, or at least to lighten his sentence, constitutes overwhelming evidence against the accused.
¶ 21. The accused always has a constitutional right to put the State to the task of proving him guilty beyond a reasonable doubt. The State should not be allowed to comment, with impunity, concerning the accused's exercise of that constitutional right. Here, the State told the jury that Hampton should not have put the State through the expense of a trial and that Hampton should have admitted his guilt like his accomplice did. Because I believe it was fundamentally unfair and prejudicial to Hampton's constitutional rights, I respectfully dissent.
KING, P.J., JOINS THIS SEPARATE WRITTEN OPINION.