826 So.2d 756 (2002)
Ronald ALLEN a/k/a Head, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00637-COA.
Court of Appeals of Mississippi.
July 16, 2002.
Rehearing Denied September 17, 2002.
*758 George S. Shaddock, Pascagoula, attorney for appellant.
Office of the Attorney General by Scott Stuart, attorneys for appellee.
Before SOUTHWICK, P.J., BRIDGES, and BRANTLEY, JJ.

PROCEDURAL HISTORY
BRIDGES, J., for the Court.
¶ 1. Ronald Allen, a/k/a Head, was indicted by the Perry County Grand Jury for the sale of a controlled substance in violation of Mississippi Code Annotated Section 41-29-139(a)(1) (Rev.2000). A trial commenced and a jury convicted Allen of such charge. The trial judge sentenced Allen to thirty years to be served in the Mississippi Department of Corrections and to pay a five thousand dollar fine. Allen perfected his appeal and comes before this Court citing four issues for review.
I. Did the trial court err in allowing amendments to the indictment?
II. Did the trial court err in failing to grant a mistrial after a witness spoke improperly?
III. Is the verdict against the overwhelming weight of the evidence?
IV. Is the sentence unduly harsh and grossly disproportionate to the crime charged?
¶ 2. Finding no error, we affirm the conviction and sentence of the trial court.

STATEMENT OF THE FACTS
¶ 3. On February 19, 1998, the Forrest/Perry Metro Narcotics Task Force planned a drug buy from Ronald Allen, an individual suspected of selling narcotics. The operation was conducted using Jeff Holmes, a confidential informant, and Vicki Lee, an undercover agent. The plan was for these two individuals to go to the home of Ronald Allen and attempt to purchase forty dollars worth of crack cocaine.
¶ 4. Under the direction of Task Force Commander Dewey Caffey, Holmes was fitted with a tape recorder and Lee wore a voice transmitter which allowed the activities to be heard and recorded by the other members of the task force. The two individuals drove to the home of Ronald Allen, approached him outside of his home, asked him for forty dollars worth of drugs and received two rocks of crack cocaine.

LEGAL ANALYSIS

I. Did the trial court err in allowing amendments to the indictment?
¶ 5. The original indictment included only the name of undercover agent Lee as the purchaser of the drugs. Prior to trial and after a hearing on the matter, the State successfully amended the indictment to include the informant Holmes as the purchaser in the presence of Lee. Defense counsel continued his objection on the day of trial. Allen claims the amendment was one of substance and not form, which renders the amendment improper. "[T]his Court conducts de novo review on questions *759 of law. The question of whether an indictment is fatally defective is an issue of law and deserves a relatively broad standard of review by this court." Simmons v. State, 784 So.2d 985, 987(¶ 7) (Miss.Ct.App. 2001).
¶ 6. "It is fundamental that courts may amend indictments only to correct defects of form, however, defects of substance must be corrected by the grand jury." Mitchell v. State, 739 So.2d 402, 404(¶ 5) (Miss.Ct.App.1999). "[A] change in the indictment is permissible if it does not materially alter facts which are the essence of the offense ... as it originally stood or materially alter a defense to the indictment as it originally stood so as to prejudice the defendant's case." Id. "The test ... is whether the defense as it originally stood would be equally available after the amendment is made." Eakes v. State, 665 So.2d 852, 859-60 (Miss.1995).
¶ 7. Looking at the case sub judice, the only change to the indictment was the addition of Holmes's name as the purchaser. There was no question that Holmes was involved in the transaction and the fact that his voice was easily identified on both of the audio recordings of the transaction placed him at the scene. Applying the foregoing standard, we find that the addition of the second name in no way affected Allen's defense. Therefore, we find that the name amendment to the indictment was one of form and not substance and the trial court had the authority to so amend.
¶ 8. Allen also raises in his brief an objection to a second amendment to the indictment, made on the morning of trial. Allen was originally charged with the sale of a controlled substance within 1000 feet of a church, which allows for an enhanced penalty. The surveyor who measured the distance from the site of the sale to the church was unavailable to testify, thus the State removed this portion of the charge from the indictment. This second amendment only helped Allen, as he would be facing less time in jail if convicted. At trial, he made no objection to the amendment, thus he is procedurally barred from raising this issue on appeal. Swington v. State, 742 So.2d 1106, 1112(¶ 14) (Miss. 1999).
¶ 9. Allen is also very concerned with the fact that the body of the indictment was altered to exclude the enhancement portion about the church but the charge of the crime at the bottom of the indictment failed to remove the enhancement portion. He is of the opinion that the jury acted out of emotion when they convicted him based on the charge on the indictment. However, our review of the record reveals that only the trial judge knew about this mistake on the indictment. Furthermore, the trial judge had prior notice of the pending indictment change and did not read aloud the enhancement portion of the indictment when he charged the jury. The jury was never aware that the original indictment charged Allen with sale within 1000 feet of a church. This issue is devoid of merit.

II. Did the trial court err in failing to grant a mistrial after a witness spoke improperly?
¶ 10. On direct examination, the assistant district attorney asked Commander Caffey "[w]here did you get the information that caused you to pursue this operation against the defendant?" Commander Caffey responded that he had "numerous sources." This statement was promptly objected to and was followed by the counselors's arguments concerning the statement. After some deliberation, the trial judge sustained the objection and admonished the jury to disregard it.
¶ 11. The trial judge "is in the best position for determining the prejudicial *760 effect" of objectionable testimony. Alexander v. State, 520 So.2d 127, 131 (Miss. 1988). As such, the decision to grant or deny a mistrial after a prejudicial comment is made is within the trial judge's discretion. Horne v. State, 487 So.2d 213, 214 (Miss.1986). Given no "serious and irreparable damage," the trial judge should direct the jury to disregard the statement. Roundtree v. State, 568 So.2d 1173, 1178 (Miss.1990). "It is well settled that when the trial judge sustains an objection to testimony and he directs the jury to disregard it, prejudicial error does not result." Estes v. State, 533 So.2d 437, 439 (Miss. 1988). We presume that the jurors will follow the instructions given by the court. Payne v. State, 462 So.2d 902, 904 (Miss. 1984). "To presume otherwise would be to render the jury system inoperable." Johnson v. State, 475 So.2d 1136, 1142 (Miss.1985).
¶ 12. In applying the law to the facts in this case, we conclude that the trial judge did not abuse his discretion by refusing to declare a mistrial. Any defect was cured when the judge immediately admonished the jury and, in response, each jury member affirmed that each could put aside what they heard and continue with the case. This issue is without merit.

III. Is the verdict against the overwhelming weight of the evidence?
¶ 13. Allen contends that the verdict of the jury was against the overwhelming weight of the evidence and was the result of bias and passion on the part of the jury. In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true all evidence which supports the verdict of the jury and will only reverse when the lower court abused its discretion in failing to grant a new trial. Collins v. State, 757 So.2d 335, 337(¶ 5) (Miss.Ct.App.2000). On review, the State is given "the benefit of all favorable inferences that may reasonably be drawn from the evidence." Id. at 337(¶ 5). "Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." Id.
¶ 14. Allen admits that he has a "high hill" to climb concerning this issue. He relies on the conflicts in testimony of the State's witnesses and the fact that the Narcotics Task Force targeted him as a suspect. "This Court does not serve as a new jury. We do not reevaluate the evidence and determine what we would have done in the jury's place." Triggs v. State, 803 So.2d 1229, 1233(¶ 10) (Miss.Ct.App. 2002). As the Mississippi Supreme Court stated in Henson v. Roberts:
The demeanor or bearing, the tone of voice, the attitude and appearance of the witnesses, all are primarily for inspection and review by the jury. The jury not only has the right and duty to determine the truth or falsity of the witnesses, but also has the right to evaluate and determine what portions of the testimony of any witness it will accept or reject; therefore unless it is clear to this Court that the verdict is contrary to the overwhelming weight of the credible testimony, this court will not set aside the verdict of a jury.
Henson v. Roberts, 679 So.2d 1041, 1045 (Miss.1996) (citations omitted).
¶ 15. A review of the facts of this case make it clear that there was ample evidence to support the jury verdict. The jury weighed the value of the varying testimony and determined that the State's witnesses were more worthy of credit. This Court shall not disturb the findings of the jury unless fair minded jurors could *761 only find the accused not guilty. Mitchell v. State, 572 So.2d 865, 867 (Miss.1990).
¶ 16. The facts, when viewed in a light most favorable to the State, prove that Allen did sell two rocks of crack cocaine to Jeff Holmes in the presence of Vicki Lee. As such, the lower court's ruling is affirmed.

IV. Is the sentence unduly harsh and grossly disproportionate to the crime charged?
¶ 17. Allen argues that his sentence of thirty years in the custody of the Mississippi Department of Corrections is excessive, manifestly disproportional to the crime committed and in violation of the cruel and unusual punishment prohibitions of the Mississippi and United States Constitutions. However, he does recognize that the general rule in Mississippi is that a sentence should not be disturbed on appeal so long as it does not exceed the maximum allowed by statute. Edwards v. State, 615 So.2d 590, 597 (Miss.1993). See also Fleming v. State, 604 So.2d 280, 302 (Miss.1992).
¶ 18. Our supreme court has stated that "[s]entencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." Hoops v. State, 681 So.2d 521, 537 (Miss.1996). Furthermore, the trial judge's decision will not be disturbed on appeal if the sentence is within the term provided by statute. Davis v. State, 724 So.2d 342, 344(¶ 10) (Miss.1998). The statute for sale of a controlled substance dictates that upon conviction, a person could be sentenced to not more than thirty years and shall be fined not less than five thousand dollars nor more than one million dollars. Miss.Code Ann. § 41-29-139(b)(1) (Rev.2001).
¶ 19. Allen sets forth many authorities in support of his contention of cruel and unusual punishment; however, we find that each and every case presented to us is devoid of any support for this issue. The legislature gave the sentencing power to the trial judge to allow judges room to exercise their own sound judgment in the cases coming before them. The trial judge exercised this power and chose to sentence Allen to the maximum term allowed by statute. His sentence is not disproportionate to the crime or excessive in nature. This argument is without merit.
¶ 20. THE JUDGMENT OF THE PERRY COUNTY CIRCUIT COURT OF CONVICTION OF THE SALE OF A CONTROLLED SUBSTANCE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, A FINE OF FIVE THOUSAND DOLLARS, AND SURRENDER DRIVER'S LICENSE IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.