BRIDGES, P.J.,
for the Court.
MODIFIED OPINION
¶ 1. This Court on its own motion withdraws the original opinion in this case and substitutes this opinion therefor.
¶ 2. Christopher Q. Hunter was tried before a jury and was convicted of burglary on December 11, 2002. The Circuit Court of Newton County sentenced Hunter to seven years in the custody of the Mississippi Department of Corrections, but suspended three years. Hunter was also ordered to pay $651.44 in restitution. Hunter appeals his conviction citing four issues.
STATEMENT OF THE ISSUES
I. WHETHER THE LOWER COURT ERRED IN OVERRULING HUNTER’S MOTION TO QUASH THE INDICTMENT BECAUSE THERE WAS VARIANCE IN THE PROOF OFFERED AT TRIAL AND THE NAMES LISTED ON THE INDICTMENT?
II. WHETHER THE LOWER COURT ERRED IN FAILING TO SUPPRESS HUNTER’S STATEMENT?
III. WHETHER THE LOWER COURT ERRED IN GRANTING JURY INSTRUCTION S-l?
IV. WHETHER THE JURY VERDICT WAS AMPLY SUPPORTED BY THE WEIGHT AND CREDIBILITY OF THE EVIDENCE? '
FACTS
¶ 3. Hunter was convicted of burglary by a jury trial before the Newton County Circuit Court. Hunter was indicted and convicted under Mississippi Code Annotated section 97-17-33, which deals with burglary; breaking and entering a building other than a dwelling; railroad car; vessels; and automobiles. Hunter’s conviction results from events that took place March 9, 2002, when Union High School was burglarized. A separate, but linked burglary of the high school also occurred on March 23, 2002. Devan Amos was implicated in both burglaries and was convicted by the Newton County Youth Court. Amos gave the Newton County authorities a written statement in which he implicated Hunter in the March 9th break-in.
¶ 4. According to the statement, Hunter aided Amos in entering the high school through a library window and Hunter gave Amos a shirt and left. Amos called Hunter a few hours later for help and Hunter returned to the high school entering through a cafeteria door. Hunter removed the glass from the cafeteria office window and washed off the finger prints. Then Hunter, Amos and a third party put the school back in order and left.
¶ 5. At the time of the conviction Hunter was seventeen, weighed four hundred and seventy-four pounds and had difficulty walking and moving. Hunter’s defense to the charges is that he was at a card game with friends at the time the robbery took place and had several witnesses. It was Amos’s testimony that he was alone when he committed the robbery, which is in conflict with his written statement.
ANALYSIS
I. WHETHER THE LOWER COURT ERRED IN OVERRULING HUNTER’S MOTION TO QUASH THE INDICTMENT BECAUSE THERE WAS VARIANCE IN THE PROOF OFFERED AT TRIAL AND THE NAMES LISTED ON THE INDICTMENT?
¶ 6. “[T]his Court conducts de novo review on questions of law. The ques *1070 tion of whether an indictment is fatally defective is an issue of law and deserves a relatively broad standard of review by this court.” Simmons v. State, 784 So.2d 985, 987(¶ 7) (Miss.Ct.App.2001).
¶ 7. The indictment of Hunter listed the high school as property of Mrs. Bobbie McElroy, Mrs. Mattie Boler, Dr. L.B. Atkins, Mr. Rex Germany and Mr. Wayne Welch, and their successors, as county board members. However, this body of people were known collectively as the Board of Alderman of the Town of Union, not the county board like the indictment suggested. Also, Mississippi Code Annotated section 37-7-301 appoints the school board, not the board of alderman and not the county board, as custodian of real and personal property belonging to a school. Therefore, Hunter claims the municipal school board members should have been listed in the indictment.
¶ 8. There weré several inconsistencies in the indictment; the Union Public School District is a municipal school district; the indictment referred to the county governing body; and the names listed were members of the municipal governing body. Hunter made this objection in court after the prosecution had Don Brantly, a superintendent of education with the Union Public School District, testify. Hunter claimed the State mounted its defense and centered its witnesses around the fact that a “county school of Union High School could not have possibly been burglarized in that no such school exists.” Hunter believed from the indictment it appeared the county was claiming ownership and dominion over the property at issue in this case.
¶ 9. This objection was overruled by the trial judge after reading Rule 706 of the Uniform Circuit and County Court Rules requiring the indictment to intelligently inform the defendant of the charges against him. The judge held that the defect was not a substantive one in that there was only one Union High School in either the county or the city and that the defendant would certainly be aware of what school he was charged with burglarizing. The case was not dismissed because of a variance in the indictment like Hunter requested and the indictment was not corrected.
¶ 10. “It is fundamental that courts may amend indictments only to correct defects of form, however, defects of substance must be corrected by the grand jury.” Mitchell v. State, 739 So.2d 402, 404(¶ 5) (Miss.Ct.App.1999). “[A] change in the indictment is permissible if it does not materially alter facts which are the essence of the offense ... as it originally stood or materially alter a defense to the indictment as it originally stood so as to prejudice the defendant’s case.” Id. “The test ... is whether the defense as it originally stood would be equally available after the amendment is made.” Eakes v. State, 665 So.2d 852, 859-60 (Miss.1995).
¶ 11. The indictment was never amended by the prosecution as this Court in Mitchell allows the trial judge to direct. Therefore, the indictment upon which Hunter was convicted was never complete and accurate. It was error for the trial judge not to amend the indictment and list the correct owners of the school. This error, however, is harmless in nature because the defense was able to prepare their defense based on the indictment as issued since there was no confusion as to which high school to which, it referred. There was no defect of substance requiring the grand jury to correct. Therefore, the decision of the trial court not to dismiss the case on the basis of a variance in the indictment was without error.
II. WHETHER THE LOWER COURT ERRED IN FAILING TO SUPPRESS HUNTER’S STATEMENT?
¶ 12. In his appeal Hunter claims the statement he gave the police was inac *1071 curate. He claims some of the descriptions of the events and people involved relate to the March 23, 2002 break-in not the March 9, 2002 break-in for which he was indicted. Hunter signed this statement on March 25, 2002, and believes it was written before he gave his statement based on the information provided by Amos. Hunter attempted to have this statement suppressed, offering testimony of the policeman who wrote the statement, Michael Bryant. Bryant testified that Hunter would not say the name of someone out loud but, rather, underlined the name on the statement. Bryant’s explanation is that they were talking about the March 23, 2002 break-in and Hunter used the statement regarding the March 9, 2002 break-in, to underline the name.
¶ 13. The trial court’s determination that Hunter’s confession was admissible was a finding of fact which this Court cannot disturb unless the trial court committed manifest error, applied an incorrect legal standard, or the decision was contrary to the overwhelming weight of the evidence. Wright v. State, 730 So.2d 1106 (¶ 11) (Miss.1998). In Morris v. State, 798 So.2d 603, 605(¶ 5) (Miss.Ct.App.2001), Morris claimed his statement was inaccurate due to his being high on drugs, and in that case this Court considered the volun-tariness of the statement. The trial court must look at the totality of the circumstances in making the factual inquiry into the voluntariness of a statement or confession. O’Halloran v. State, 731 So.2d 565 (¶ 18) (Miss.1999). “ ‘The applicable standard for determining whether a confession is voluntary is whether, taking into consideration the totality of the circumstances, the statement is the product of the accused’s free and rational choice.’ ” Herring v. State, 691 So.2d 948, 956 (Miss. 1997) (quoting Porter v. State, 616 So.2d 899, 907-08 (Miss.1993)). The defendant bears a heavy burden in attempting to reverse a trial court’s decision that a confession is admissible. Smith v. State, 737 So.2d 377 (¶ 11) (Miss.Ct.App.1998).
¶ 14. When a defendant challenges the voluntariness of his statement, the trial court must hold an evidentiary hearing outside the jury’s presence to determine the admissibility of the confession. Millsap v. State, 767 So.2d 286 (¶ 14) (Miss.Ct.App.2000). The State must prove the voluntariness of the statement beyond a reasonable doubt. Id. The State establishes a prima facie case of voluntariness when the officer, or other person having knowledge of the facts, testifies that “the confession was voluntarily made without any threats, coercion, or offer of reward.” Id. When the State establishes its prima facie case of voluntariness, the defendant must then rebut the State’s assertion of voluntariness. Sykes v. State, 749 So.2d 239 (¶ 15) (Miss.Ct.App.1999). A defendant’s mental condition will not itself render a confession inadmissible; indeed, it is “but one factor to consider among the totality of the circumstances of a confession and interrogation.” Kircher v. State, 753 So.2d 1017 (¶ 37) (Miss.1999). Intoxication or illness will not automatically render a confession involuntary. The confession’s admissibility depends upon the degree of intoxication. Id.
¶ 15. It appears from the testimony that the police officer did not have the statement pre-written and honestly and accurately wrote down the statement given by Hunter. Hunter offered no credible evidence that the statement he signed was inaccurate and related to more than one burglary. Hunter also cited to only one general aspect of a Fifth Circuit Court case to support his claim and no relevant law at all. From the transcripts of the motion to suppress it appears Hunter’s statement was voluntary when considered *1072 among the totality of the circumstances. Hunter’s appeal on this issue is without merit.
III. WHETHER THE LOWER COURT ERRED IN GRANTING JURY INSTRUCTION S-l?
¶ 16. Hunter’s appeal on this issue is procedurally barred by his failure to object contemporaneously during trial. There is evidence in the record that in Hunter’s closing arguments he commented on the relevance of jury instruction S-l but that is not an objection. It is the burden of the appellant to make sure the record contains sufficient evidence to support assignments of error on appeal. Jackson v. State, 684 So.2d 1213, 1224 (Miss.1996). “Errors based on the granting [or denying] of an instruction will not be considered on appeal unless specific objections stating the grounds are made in the trial court.” Oates v. State, 421 So.2d 1025, 1030 (Miss.1982).
IV. WHETHER THE JURY VERDICT WAS AMPLY SUPPORTED BY THE WEIGHT AND CREDIBILITY OF THE EVIDENCE?
¶ 17. Hunter argues that the trial court erred by denying his motion for directed verdict based upon the weight and credibility of the evidence. Hunter’s motion for JNOV or, in the alternative, new trial was denied. The standard of review for denial of a judgment notwithstanding the verdict (JNOV) and directed verdict are the same. Grihim v. State, 760 So.2d 865, 866(¶ 6) (Miss.Ct.App.2000). An appellant challenges the sufficiency of the evidence when he appeals from an overruled motion for JNOV or directed verdict. Noe v. State, 616 So.2d 298, 302 (Miss. 1993).
¶ 18. Our state’s supreme court offered guidance on this issue in McClain v. State, 625 So.2d 774 (Miss. 1993). In McClain, the court stated that, in appeals from a denied JNOV, the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. Id. at 778. The credible evidence consistent with the defendant’s guilt must be accepted as true. Spikes v. State, 302 So.2d 250, 251 (Miss.1974). The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Wetz v. State, 503 So.2d 803, 808 (Miss.1987). Matters regarding the weight and credibility of the evidence are to be resolved by the jury. Neal v. State, 451 So.2d 743, 758 (Miss.1984). “We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.” Wetz, 503 So.2d at 808; McClain, 625 So.2d at 778.
¶ 19. The jury heard two witnesses testify that Hunter admitted to committing the burglary. Hunter claims the prosecution failed to prove his intent to steal as required in a conviction of burglary. Miss. Code Ann. § 97-17-33 (Rev.2000). Hunter’s statement to the police did not indicate any intent on his part to take property from within the school. The evidence presented to the jury included the statement that he did enter the school illegally and assist others in entering the school. It also included the testimony of Amos who was with Hunter inside the school. Amos’s testimony and the statement placing Hunter inside the school are sufficient evidence presented to the jury for it to reasonably find Hunter guilty. The jury is the ultimate finder of fact and Hunter failed to prove that no rational jury could find him guilty on the evidence presented.
¶ 20. THE JUDGMENT OF THE NEWTON COUNTY CIRCUIT COURT *1073 OF CONVICTION OF BURGLARY OF A SCHOOL AND SENTENCE OF SEVEN YEARS, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FOUR YEARS SUSPENDED AND THREE YEARS PROBATION, AND PAYMENT OF $651.44 IN RESTITUTION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE NEWTON COUNTY.
KING, C.J., SOUTHWICK, P.J., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.