394 So.2d 875 (1981)
Nadine BANKS
v.
STATE of Mississippi.
No. 52482.
Supreme Court of Mississippi.
February 18, 1981.
Rehearing Denied March 18, 1981.
*876 Ross Barnett, Jr., Barnett, Montgomery, McClintock & Cunningham, Jackson, for appellant.
Bill Allain, Atty. Gen. by Mark A. Chinn, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and SUGG and WALKER, JJ.
WALKER, Justice, for the Court:
This is an appeal from a judgment of the Circuit Court of the First Judicial District of Hinds County, Mississippi, wherein the appellant Nadine Banks, was indicted, tried and convicted of grand larceny and sentenced to serve a term of five years in the custody of the Mississippi Department of Corrections and fined $1,000 and costs.

I.
The appellant assigns as error that the trial court erred in overruling her motion for a directed verdict.
After the state rested, the defendant made the following motion: "Comes now the Defendant and moves for a directed verdict on the grounds that the State has failed to make out a prima facie (sic) case. That's it." This motion was overruled by the court.
On appeal, the defendant argues that the stolen $100 was alleged in the indictment to be the property of the "First National Bank." The Bank was variously referred to during the testimony as The First National Bank or The First National Bank of Jackson, Mississippi. Also, in answer to a question, Mr. Richard G. Wigger, Vice-President of the Bank, stated that the Bank was a corporation.
The appellant states in her brief that:
A fatal variance having resulted between the indictment and the proof as to the ownership of the stolen property, ownership being an essential element, the State could have and should have amended the indictment to conform to the proof but this the State failed and declined to do.
*877 The variance between the indictment and the proof (the indictment did not allege that the First National Bank was a corporation) was not a fatal variance. The indictment could have been amended had the variance been called to the attention of the trial court. Had the appellant mentioned the variance in her motion for a directed verdict, during the trial or in her motion for a new trial, the indictment could then have been amended. Since the variance between the indictment and the proof is not jurisdictional and is not fatal, failure to call the variance to the attention of the trial court is considered a waiver of any objection thereto. Moreover, motions for a directed verdict must be specific and not general in nature. A motion for a directed verdict on the grounds that the state has failed to make out a prima facie case must state specifically wherein the state has failed to make out a prima facie case. In the absence of such specificity, the trial court will not be put in error for overruling same.

II.
The appellant next argues: "The court committed error in re-calling (sic) the jury, when unable to agree on a verdict and giving a second instruction on a subject which was fully covered by the court's previous written charge."
Before the jury retired to consider its verdict, the court gave the following instruction as Instruction No. 3 of the court:
The verdict of the jury must represent the considered judgment of each juror. In order to return a verdict it will be necessary that each juror agree thereto. In other words, all twelve jurors must agree on a verdict in this case. It is your duty as jurors to consult with one another and to deliberate in view of reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous, but do not surrender your honest convictions as to the weight or effect of evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.
After the jury had deliberated for several hours without reaching a verdict, the trial court called the jury back and gave the following instruction as Instruction No. 10 by the court under circumstances as follows:
BY THE COURT: I understand that you're unable to reach a verdict, is that correct?
BY THE FOREMAN: Yes, sir.
BY THE COURT: I want to give you one additional instruction and I want all of you  each one of you to listen closely to this instruction and it will be given to you to take into the jury room with you.
"I know that it is possible for honest men and women to have honest different opinions about the facts of a case, but, if it is possible to reconcile your differences of opinion and decide this case, then you should do so.
"Accordingly, I remind you that the Court originally instructed you that the verdict of the Jury must represent the considered judgment of each juror. It is your duty as jurors to consult with one another and to deliberate in view of reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if you are convinced that it is erroneous, but do not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict. Please continue your deliberations."
I'll ask you to return to the jury room. It's now 12:15. If at 1:00 o'clock you *878 have not reached a verdict, if you would knock on the door and let the bailiffs know, we'll send out for sandwiches for you.
Please return to the jury room.
(Whereupon, the Jury returned to the jury room and at twenty-five minutes until 1:00, the Jury knocked on the door. Court reconvened and the following proceedings were had and done in the presence of the Jury:)
BY THE COURT: Mr. Foreman, have your reached a verdict?
BY THE FOREMAN: Yes, sir.
BY THE COURT: If you would, hand it to the bailiff, please.
The complained of instruction was approved by this Court in Sharplin v. State, 330 So.2d 591 (Miss. 1976), as a model instruction which might be given, at the discretion of the trial judge, when a jury is unable to reach a verdict.
The fact that Instruction No. 10 was somewhat repetitious of Instruction No. 3 is an exception to the rule that the court does not given an instruction covered by other instructions. It is to be presumed that the trial judge always instructs a jury of its rights, obligations, and prerogatives in the course of its deliberations during the initial instructions to the jury. Yet, in the interest of justice and to preserve judicial time, the court has devised this instruction that may be given to a jury which announces it is unable to agree on a verdict. This instruction was not intended to, nor do we feel that it does bring any pressure to bear upon a jury to return a verdict that is not the conscientious verdict of each juror.
We are, therefore, of the opinion that the trial judge properly exercised his discretion in giving Instruction No. 10.
Finding no reversible error, the judgment and sentence of the circuit court are affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.