891 So.2d 256 (2004)
Raymond Morris DAVIS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-00299-COA.
Court of Appeals of Mississippi.
September 14, 2004.
*257 Michael W. Crosby, Gulfport, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
EN BANC.
BRIDGES, P.J., for the Court.
¶ 1. Raymond Davis was convicted of murder by a Harrison County Circuit Court jury. He was sentenced to life imprisonment in the custody of the Mississippi Department of Corrections. Aggrieved Davis asserts the following issues on appeal:
I. THE TRIAL COURT ERRED IN FAILING TO APPLY THE WEATHERSBY RULE.
II. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT ALLOWED DR. MCGARRY TO PROVIDE A LEGAL OPINION, AN OPINION THAT WAS OUTSIDE OF HIS AREA OF EXPERTISE.
Upon review, we conclude that the reasons Davis advances for reversal of his conviction are not such as would require this Court to disturb the jury's verdict, and we therefore affirm.

FACTS
¶ 2. On January 14, 2001, Raymond Davis and his brother Jason had an argument that resulted in Jason's death. The brothers' verbal altercation escalated to a physical conflict. Davis armed himself *258 with a loaded twelve-gauge shotgun and shot Jason in the leg. A second shot to Jason's left arm resulted in near amputation of the limb below the elbow. A third shot struck Jason around his hip, and caused him to fall to the floor. As Jason lay face down on the floor, Davis aimed the shotgun at Jason's head, the barrel one foot from his scalp. Ultimately a fourth, final, and fatal shot to Jason's head would end his life. The only living eyewitness to the argument and shooting was Davis.
¶ 3. Raymond Davis was indicted for murder pursuant to Section 97-3-19(1)(a) of the Mississippi Code. Davis claimed that Jason was enraged and armed with a knife. He argued that the first three shots were in self-defense. However, Davis claimed that the fatal fourth shot was an accident. He contended that Jason, prone on his stomach, suddenly raised up and bumped the gun barrel and caused the shotgun to discharge accidentally.
¶ 4. After a three-day trial, the jury returned their verdict and found Davis guilty of murder. Davis filed a motion for judgment notwithstanding the verdict or, alternatively, for new trial and a finding that the verdict was against the overwhelming weight of the evidence. The trial court denied his post-trial motions. From such, Davis appeals.

ANALYSIS

I. DID THE TRIAL COURT ERRED IN FAILING TO APPLY THE WEATHERSBY RULE?
¶ 5. Davis asserts that the trial court erred by not applying the Weathersby rule as discussed in Weathersby v. State, 165 Miss. 207, 147 So. 481 (1933). The Weathersby rule operates when a defendant is the only eyewitness to a crime. Id. In such an event, the defendant's version, if reasonable, must be accepted as true unless substantially contradicted by a credible witness testifying for the State or by physical facts or facts of common knowledge. Id. Davis's explanation may be contradicted either directly or by fair inference. Kinkead v. State, 190 So.2d 838, 839 (Miss.1966). Weathersby is a guide in determining if a defendant is entitled to a directed verdict. Blanks v. State, 547 So.2d 29, 34 (Miss.1989). Thus, a Weathersby challenge is, essentially, a test of the sufficiency of the evidence. Green v. State, 614 So.2d 926, 931 (Miss.1992). As such, we must consider all of the evidence in the light most favorable to the State. Burge v. State, 472 So.2d 392, 396 (Miss.1985).
¶ 6. Davis moved for a directed verdict at the close of the State's case-in-chief. After the trial court denied that motion, Davis testified and produced his mother and father to testify on his behalf. When a trial court denies a defendant's motion for directed verdict and that defendant proceeds with his case after the State rests, the defendant has waived appeal of the directed verdict. Simon v. State, 857 So.2d 668, 690 (¶ 54-56)(Miss.2003). Davis did not renew his motion for directed verdict at the close of all evidence, nor did he request a peremptory instruction on the subject matter. Davis did, however move, post-trial, for a judgment notwithstanding the verdict, but he made no reference to insufficiency of the evidence based on the Weathersby rule. A motion for directed verdict and JNOV must be specific. Banks v. State, 394 So.2d 875, 877 (Miss.1981). Without specificity, a trial court will not err by denying the motion. While the matter is not properly before this court, the trial court correctly denied the motion, and we affirm. The discussion on the Weathersby rule which follows, resolves the question concerning sufficiency.
*259 ¶ 7. Assuming that Davis had properly preserved the Weathersby issue, we are still not inclined to reverse on appeal. A reasonable, hypothetical juror could have been convinced that physical facts contradict Davis's claims that the shooting was in self-defense or accidentally inflicted. For example, the jury could have found that Jason was crippled from the first three gunshot wounds and incapable of continued attack. Further, Jason was physically unable to rise from the floor with three wounds: one to the leg, another to his left arm, and a third to the hip. The third wound permitted Jason's bowels to protrude through the wound. The jury also heard evidence that Davis's version of the events was improbable. Dr. Paul McGarry, a forensic pathologist, testified for the State and opined that the wounds would have caused extreme bleeding and pain prohibiting Jason from doing much except writhing on the ground in "pseudo-paralysis," rendering prolonged attack impossible.
¶ 8. Not only that, Davis also testified that he was not sure that Jason was armed with a knife after the first three shots. Evidence also suggested that no weapon was within Jason's reach. A reasonable, hypothetical juror could have been convinced that there was no need to continue aiming the shotgun at Jason, as he presented no reasonably imminent threat in his unarmed, prone, and seriously wounded state. It is even possible that the jury determined that Jason believed he was defending his life after being shot the first, second, or third time. In examining such, we are sensitive to the fact that a rational, fair-minded jury could have found Davis not guilty if they applied different weight to the evidence before them. However, we are not inclined to substitute our view of the reasonable inferences drawn by the jury. Burge, 472 So.2d at 396 (quoting Culbreath v. Johnson, 427 So.2d 705 (Miss.1983)). We therefore find this issue is meritless.

II. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT ALLOWED DR. MCGARRY TO PROVIDE A LEGAL OPINION, AN OPINION THAT WAS OUTSIDE OF HIS AREA OF EXPERTISE.
¶ 9. In his second assignment of error, Davis asserts that the trial court erred by permitting Dr. McGarry to assert an opinion beyond the scope of his expertise. During redirect examination, the State asked Dr. McGarry whether the fourth gunshot wound was deliberate. Dr. McGarry responded "yes." However, Davis did not make a contemporaneous objection to this testimony. He raises this issue for the first time on appeal and relies on the "plain error" rule as the basis of his appeal.
¶ 10. The plain error rule is codified within Mississippi Rules of Evidence 103(d). It provides that nothing precludes a court from taking notice of plain errors affecting the substantial rights of a defendant, even though they were not brought to the attention of the trial court. M.R.E. 103(d). If a party persuades the court of the substantial injustice that would occur if the rule were not invoked, the court may invoke the plain error rule. See Edwards v. Sears, Roebuck & Co., 512 F.2d 276 (5th Cir.1975). However, the plain error rule arises only if an error is so fundamental that it generates a miscarriage of justice. Gray v. State, 549 So.2d 1316, 1321 (Miss.1989). Otherwise, a contemporaneous objection is required in order to preserve an error for appellate review. Caston v. State, 823 So.2d 473 (¶ 102) (Miss.2002).
¶ 11. We do not find that allowing Dr. McGarry's testimony is the type of error to which the plain error rule applies. The error was not so fundamental *260 that it generated a miscarriage of justice. Davis testified that he fired the first three shots in deliberate self-defense. As discussed above, Dr. McGarry testified that Jason was incapable of presenting a threat to Davis after the first three shots. The jury was free to consider the testimony and physical facts and to reach a conclusion by fair inference that Davis acted deliberately, regardless of Dr. McGarry's opinion of Davis's intent. Accordingly, although it was error to allow Dr. McGarry's opinion on this ultimate issue, the error is harmless under the facts of this case, especially considering the lack of a contemporaneous objection. As such, the decision of the trial court is affirmed.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY OF CONVICTION OF MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
KING, C.J., LEE, P.J., MYERS, CHANDLER, GRIFFIS, AND BARNES, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.