910 So.2d 748 (2005)
Sanqarell Antonio JERNINGHAN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2003-KA-02652-COA.
Court of Appeals of Mississippi.
March 22, 2005.
*749 Edmund J. Phillips, attorney for appellant.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before BRIDGES, P.J., IRVING and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. Sanqarell Antonio Jerninghan was indicted for the May 13, 2003 sale of $50 worth of crack cocaine to a confidential informant working for the Tri-County Narcotics Task Force in Mississippi. Jerninghan's trial was held November 13, 2003, at the Neshoba County Circuit Court where the jury returned a verdict of guilty. Jerninghan was sentenced to twenty years imprisonment in the custody of the Mississippi Department of Corrections. It is from the court's verdict and sentence that Jerninghan appeals, raising the following two issues:
I. WHETHER THE INDICTMENT WAS DEFECTIVE FOR FAILURE TO IDENTIFY THE PURCHASER OF THE COCAINE LISTED IN THE INDICTMENT.
II. WHETHER THE TRIAL COURT ERRED IN DENYING JERNINGHAN'S MOTION FOR A DIRECTED VERDICT, REQUEST FOR A PEREMPTORY INSTRUCTION, AND MOTION FOR A NEW TRIAL.
Finding no error, we affirm.

LEGAL ANALYSIS
I. WHETHER THE INDICTMENT WAS DEFECTIVE FOR FAILURE *750 TO IDENTIFY THE PURCHASER OF THE COCAINE LISTED IN THE INDICTMENT.

STANDARD OF REVIEW
"[T]his Court conducts a de novo review on questions of law. The question of whether an indictment is fatally defective is an issue of law and deserves a relatively broad standard of review by this court." Hunter v. State, 878 So.2d 1066, 1069-70(¶ 6) (Miss.Ct.App.2004) (quoting Simmons v. State, 784 So.2d 985, 987(¶ 7) (Miss.Ct.App.2001)).

DISCUSSION
¶ 2. Jerninghan first argues that the indictment under which he was charged with the sale of cocaine is fatally defective in that it fails to identify with specificity the confidential informant to whom he was alleged to have sold cocaine. The pertinent portion of Jerninghan's indictment is as follows:
THE GRAND JURORS of the State of Mississippi, taken from the body of the good and lawful persons of the County of Neshoba, duly elected, empaneled, sworn and charged, at the Term aforesaid of the Court aforesaid, to inquire in and for the body of the County aforesaid, in the name and by the authority of the State of Mississippi, upon their oaths present: That SANQUARREL ANTONIO JERNINGHAN late of the County aforesaid, on or about the 13th day of May, in the year of our Lord, 2003, in the County and State aforesaid, and within the jurisdiction of this Court, did willfully, unlawfully, feloniously and knowingly sell and deliver to Confidential Informant # CI-326-03 for the sum of $50.00, a Schedule II controlled substance, namely cocaine, in Neshoba County, Mississippi, contrary to and in violation of Section 41-29-139(a)(1), Miss.Code Ann. (1972), against the peace and dignity of the state of Mississippi.
(emphasis added).
¶ 3. Jerninghan argues that the indictment does not comply with the first sentence of Rule 7.06 of the Uniform Circuit and County Court Rules of Mississippi which states, "The indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation." In support of his contention, Jerninghan relies on the case Love v. State, 211 Miss. 606, 52 So.2d 470 (Miss. 1951), which held that an indictment must set forth the constituent elements of a criminal offense. The opinion further held that every essential element of the offense must be alleged with precision and certainty. Id. at 211 Miss. 611, 52 So.2d 472.
¶ 4. Jerninghan argues that due to the indictment's failure to specifically identify the confidential informant listed, his defense was unduly prejudiced and therefore the verdict should be overturned. After a thorough review of the record, it is clear that Jerninghan did not object to the contents of the indictment at the trial level, thus waiving this issue for appeal. "When `the formal defect is curable by amendment ... the failure to demur to the indictment in accordance with our statute' will waive the issue from consideration on appeal." Gray v. State, 728 So.2d 36, 70 (¶ 169) (Miss.1998) (quoting Brandau v. State, 662 So.2d 1051, 1055 (Miss.1995)). Therefore, we find this issue to be without merit.
II. WHETHER THE TRIAL COURT ERRED IN DENYING JERNINGHAN'S MOTION FOR A DIRECTED VERDICT, REQUEST FOR A PEREMPTORY *751 INSTRUCTION, AND MOTION FOR A NEW TRIAL.
¶ 5. Jerninghan next argues that the trial court erred in denying Jerninghan's motion for a directed verdict, request for a peremptory instruction, and motion for a new trial because at trial "Confidential Informant # CI-326-03" as listed in the indictment was identified only as "Mark Triplett."

STANDARD OF REVIEW
¶ 6. Motions for directed verdict and judgment notwithstanding the verdict, and a request for a peremptory instruction all challenge the legal sufficiency of the evidence presented at trial, and the standard of review for the denial of each is the same. Easter v. State, 878 So.2d 10, 21(¶ 36) (Miss.2004). The standard of review is as follows: all evidence supporting a guilty verdict is accepted as true, and the prosecution must be given the benefit of all reasonable inferences that can be reasonably drawn from the evidence. McClain v. State, 625 So.2d 774, 778 (Miss.1993). Additionally, this Court is not at liberty to direct that the defendant be found not guilty unless viewed in the light most favorable to the verdict no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty. Conners v. State, 822 So.2d 290, 293(¶ 6) (Miss.2001). Finally, when determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the trial court has abused its discretion in failing to grant a new trial, and the Court finds the verdict is against the overwhelming weight of the evidence so that allowing the verdict to stand would sanction an unconscionable injustice. Montana v. State, 822 So.2d 954, 967-68(¶ 61) (Miss.2002).

DISCUSSION
¶ 7. Again, after a thorough review of the record, Jerninghan asserts this assignment of error for the first time on appeal. The motion made by Jerninghan's trial counsel is as follows:
BY MR. COLLINS: Comes now the Defendant and moves this Court to exclude the evidence offered by the State of Mississippi and direct a verdict in favor of the Defendant of not guilty. We would show unto the Court that taking the evidence in the light most favorable to the State, the evidence presented has wholly failed to meet the burden of proof.
BY THE COURT: Motion overruled.
¶ 8. The motion made by Jerninghan's trial counsel does not state any grounds for a directed verdict other than failure to prove all the essential elements of a prima facie case. Jerninghan now raises as his second assignment of error, that the State during its case-in-chief, failed to specifically identify Mark Triplett as "Confidential Informant # CI-326-03." The Mississippi Supreme Court has previously stated that such variance between the indictment and the proof presented at trial is not considered a fatal variance. Banks v. State, 394 So.2d 875, 877 (Miss.1981). In the Banks decision, a case dealing with grand larceny, the indictment alleged that $100 was stolen from the "First National Bank," yet the bank was variously referred to during trial as "The First National Bank" or "The First National Bank of Jackson, Mississippi." In the case sub judice the indictment against Jerninghan referred to the confidential informant as "Confidential Informant # CI-326-03" whereas at trial, the informant was referred to as his true name "Mark Triplett." The Banks court held:
Had the appellant mentioned the variance in her motion for a directed verdict, *752 during the trial or in her motion for a new trial, the indictment could then have been amended. Since the variance between the indictment and the proof is not jurisdictional and is not fatal, failure to call the variance to the attention of the trial court is considered a waiver of any objection thereto. Moreover, motions for a directed verdict must be specific and not general in nature. A motion for a directed verdict on the grounds that the state has failed to make out a prima facie case must state specifically wherein the state has failed to make out a prima facie case. In the absence of such specificity, the trial court will not be put in error for overruling same.
Id. at 877.
¶ 9. The State demonstrated that Mark Triplett was indeed "Confidential Informant # CI-326-03" through Triplett's testimony concerning the purchase of the cocaine from Jerninghan, through Triplett's testimony concerning the circumstances under which he began working in the capacity of a confidential informant, and by showing a videotape of the sale taking place. The State thoroughly demonstrated that Triplett purchased $50 worth of cocaine from Jerninghan while acting as a confidential informant for the Tri-County Narcotics Task Force, further establishing his identity as "Confidential Informant # CI-326-03." As the Mississippi Supreme Court has previously so held in the Banks decision, failure to specify the grounds for a defendant's motion for directed verdict will not place the trial court in error for overruling such a motion. Id. at 877. The testimony at trial clearly showed Triplett to be the confidential informant named in the indictment and Jerninghan's defense counsel failed to specify the grounds for the motion for directed verdict. This specificity of the alleged error is raised for the first time on appeal and in light of the Banks decision has been waived. Therefore, we find this issue to be without merit.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY OF CONVICTION OF THE SALE OF A SCHEDULE II CONTROLLED SUBSTANCE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $10,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NESHOBA COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ. CONCUR.