*948
 
 GRIFFIS, J.,
 

 for the Court.
 

 ¶ 1. Keehan Andre Hoye was found guilty of selling cocaine and sentenced to thirty years in the custody of the Mississippi Department of Corrections. On appeal, Hoye argues that: (1) the trial court abused its discretion when it admitted a videotape; (2) the verdict was against the overwhelming weight of the evidence; and (3) the trial court erred when it denied his motion for a directed verdict, request for a peremptory instruction, and motion for a new trial. We find no error and affirm.
 

 FACTS
 

 ¶ 2. Hoye was indicted for willfully, unlawfully, feloniously, and knowingly selling and delivering a Schedule II controlled substance, cocaine, to a Mississippi Bureau of Narcotics confidential informant, pursuant to Mississippi Code Annotated section 41-29-139(a)(l) (Rev.2005). Hoye was indicted as a second offender pursuant to Mississippi Code Annotated section 41-29-147 (Rev.2005) because he had a prior felony conviction for the sale of cocaine in 2001.
 

 ¶ 3. On December 8, 2006, Officer Will Peterson, an agent with the MBN, worked with Gina Lewis, a confidential informant, to purchase drugs from Hoye. Lewis called Hoye, whom she knew as Keno, and arranged the time and place for the transaction. She purchased .39 gram of cocaine from Hoye for $40, which was given to her by Officer Peterson.
 

 ¶ 4. The transaction was recorded by an audio recorder and video camera on Lewis’s car, as well as an audio recorder and video camera worn by Lewis. Lewis and her car were searched prior to the transaction to ensure that she did not have any contraband. After the transaction, Lewis met Officer Peterson and turned over the cocaine which was received, packaged, and marked before being taken to the state crime lab for identification.
 

 ¶ 5. Officer Peterson testified that he took possession of the audio and video equipment at the post-buy meeting. He identified a tape as the VCR tape that was used to download the video and testified that he had watched it, and it was an accurate depiction of the tape made that day. Lewis identified the same VCR tape as a tape of the transaction. She testified that she had reviewed the tape; it accurately and correctly showed the transaction; and it had not been altered or changed in any way. Defense Counsel objected, stating that “[ujnless she’s the one that handled it and took it out and reported all that stuff, I don’t know how she can identify that particular tape.” After a bench conference, which is not in the record, the trial court overruled the objection. The videotape of the transaction was played for the jury. After viewing the video in front of the jury, Lewis again testified that it accurately and clearly showed the transaction.
 

 ANALYSIS
 

 1. Did the trial court abuse its discretion when it admitted the videotape?
 

 ¶ 6. Hoye argues that the trial court improperly admitted the videotape of the transaction. The standard of review regarding the admission or exclusion of evidence is abuse of discretion.
 
 Juarez v. State,
 
 965 So.2d 1061, 1065(¶9) (Miss. 2007). The supreme court has stated that “[cjounsel must make specific objections in order to preserve a question for appellate review. This Court has said many times that general objections will not suffice. Objections to the admissibility of evidence must specifically state the grounds; otherwise, the objection is waived.”
 
 Seeling v. State,
 
 844 So.2d 439, 445(¶ 17) (Miss.2003).
 

 
 *949
 
 ¶ 7. Hoye argues that the videotape is inadmissable under Rule 1002 of the Mississippi Rules of Evidence. The State responds that the issue was waived for failure to object and lacks merit because at trial Hoye argued what the video did and did not show. Hoye made an objection at trial, but he did not object to the video under Rule 1002, which requires an original writing, recording, or photograph. His objection was that “[ujnless she’s the one that handled it and took it out and reported all that stuff, I don’t know how she can identify that particular tape.” There is nothing in his objection that would have allowed the trial judge to rule on the admissibility of the videotape as an original under Rule 1002 or a duplicate under Rule 1003. Thus, we conclude that Hoye waived this issue.
 

 ¶ 8. Notwithstanding the procedural bar, we will briefly address the merits of this issue. Hoye’s argument lacks factual support. He argues that the videotape is a duplicate of a composite of two separate video recordings of the transaction, one from Lewis and one from her car. While Officer Peterson and Lewis testified that there were two video cameras used to record the transaction, neither testified that the videotape was a composite of the two video recordings. Lewis and Officer Peterson authenticated the videotape through testimony that the-videotape accurately showed the transaction and that the videotape had not been altered. This argument has no support in the record. Therefore, this issue is without merit.
 

 2. Was the verdict against the overwhelming weight of the evidence?
 

 ¶ 9. Hoye claims that the jury’s verdict is against the overwhelming weight of the evidence. When this Court reviews “a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.”
 
 Bush v. State,
 
 895 So.2d 836, 844(¶ 18) (Miss.2005). The evidence is “weighed in the light most favorable to the verdict.”
 
 Id.
 
 “[T]he power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.”
 
 Id.
 
 (quoting
 
 Amiker v. Drugs for Less, Inc.,
 
 796 So.2d 942, 947(¶ 18) (Miss.2000)). If the verdict is against the overwhelming weight of the evidence, “the proper remedy is to grant a new trial.”
 
 Id.
 

 ¶ 10. Specifically, Hoye argues that: (1) Lewis is lying because it is illogical that he would have placed the cocaine in his lap with his dog; (2) Lewis had motive to lie because she was in trouble with the Morton Police Department; and (3) the cocaine is not seen in the video. Lewis testified that when she met Hoye for their prearranged drug deal, he was sitting in his SUV with the door open, had a dog in his lap, and reached inside his jacket and placed the cocaine on his leg. She testified that they simultaneously exchanged $40 and the drugs. The record contains no information about the size or temperament of the dog — only that the dog was in Hoye’s lap during the transaction. Viewing the evidence in the light most favorable to the verdict, despite the fact that it is not ideal to put cocaine and a dog in your lap, we find no reason to doubt the accuracy of Lewis’s account of the transaction.
 

 ¶ 11. Lewis admitted during the trial, when questioned by the defense, that she was in trouble with the Morton Police Department for uttering a forgery, and the police were going to make a favorable recommendation to the district attorney’s office in exchange for her cooperation as a
 
 *950
 
 confidential informant. She testified that no one had promised her anything or had asked her to lie. While Lewis’s character for truthfulness was in issue, the jury heard her testimony, weighed all the facts, and found her testimony believable.
 

 ¶ 12. Hoye asserts that the contraband is not shown in the video. The video of the transaction is not in the record; therefore, we are unable to make any finding about the weight of this evidence or the factual merit of this claim. Even if the contraband is not.seen on the video, if the video evidence is consistent with Lewis’s account of the transaction, then it supports the jury’s guilty verdict.
 

 ¶ 13. Officer Peterson and Lewis both testified that Lewis and her car were searched prior to the transaction, and no contraband was found. Lewis and her car had audio and video equipment that ran from the time she left Officer Peterson to the time she returned to the post-transaction meeting with the cocaine. The jury watched the video showing the interaction between Hoye and Lewis. Looking at the ample evidence in the light most favorable to the verdict, an unconscionable injustice does not result from the jury’s verdict. We do not find the evidence preponderates heavily against the jury’s decision. Thus, the trial court did not abuse its discretion by denying Hoye’s motion for a new trial.
 

 3. Did the trial court err when it denied Hoye’s motion for a directed verdict, request for a peremptory instruction, and motion for a new trial?
 

 ¶ 14. Hoye’s only argument with respect to this issue is that the indictment stated that he sold and delivered a Schedule II controlled substance to a MBN confidential informant number 96-2006, and at trial, the prosecution did not prove that Lewis was confidential informant number 96-2006.
 

 ¶ 15. “[T]he standard of review for denials of motions for [a] directed verdict ... and a request for a peremptory instruction is the same.”
 
 Easter v. State,
 
 878 So.2d 10, 21(¶ 36) (Miss.2004) (citations omitted). When reviewing a motion for a directed verdict, the Court looks to the sufficiency of the evidence.
 
 Bush,
 
 895 So.2d at 843(¶ 16). The supreme court stated:
 

 [s]hould the facts and inferences considered in a challenge to the sufficiency of the evidence “point in favor of the defendant on any element of the offense with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty,” the proper remedy is for the appellate court to reverse and render.
 

 Id.
 
 (citing
 
 Edwards v. State,
 
 469 So.2d 68, 70 (Miss.1985)). However, if reasonable jurors could have reached different conclusions with respect to every element
 
 of
 
 the offense, the evidence will be considered sufficient.
 
 Id.
 
 The prosecution receives the benefit of all “favorable inferences that may be reasonably drawn from the evidence” when determining if the evidence presented was sufficient to support the verdict.
 
 Smith v. State,
 
 839 So.2d 489, 495(¶ 12) (Miss.2003).
 

 ¶ 16. Hoye was charged with selling and delivering a Schedule II controlled substance under section 41 — 29—139(a)(1), which makes it “unlawful for any person knowingly or intentionally: (l)[t]o sell, barter, transfer, manufacture, distribute, dispense or possess with the intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance[.]”
 

 ¶ 17. Hoye asserts for the first time on appeal that the State, during its case-in-chief, failed to specifically identify Lewis as confidential informant number 96-2006.
 
 *951
 
 Hoye cites
 
 McBeth v. State,
 
 50 Miss. 81 (1874) (overruled on other grounds) for the proposition that the identity of persons integral to the charge must be proved as alleged in the indictment, but his reliance is misplaced. “[T]he law requires that the name of the person upon whom the felony was committed, or who was injured,” be correctly given in the indictment.
 
 Id.
 
 at 84. Additionally, Hoye cites
 
 Reed v. State,
 
 506 So.2d 277, 279-80 (Miss.1987), but
 
 Reed
 
 addresses the deletion of a victim’s name from an indictment, not the identity of an informant.
 

 ¶ 18. Hoye’s argument that the State’s case-in-chief is insufficient because of the failure to specifically identify Lewis as confidential informant number 96-2006 fails. This Court has held “that such variance between the indictment and the proof presented at trial is not considered a fatal variance.”
 
 Jerninghan v. State,
 
 910 So.2d 748, 751(¶ 8) (Miss.Ct.App.2005) (citing
 
 Banks v. State,
 
 394 So.2d 875, 877 (Miss. 1981)).
 

 ¶ 19. In
 
 Jeminghan,
 
 just as here,
 

 [t]he State demonstrated that Mark Triplett was indeed “Confidential Informant # CI-326-03” through Triplett’s testimony concerning the purchase of the cocaine from Jeminghan, through Triplett’s testimony concerning the circumstances under which he began working in the capacity of a confidential informant, and by showing a videotape of the sale taking place. The State thoroughly demonstrated that Triplett purchased $50 worth of cocaine from Jer-ninghan while acting as a confidential informant for the Tri-County Narcotics Task Force, further establishing his identity as “Confidential Informant # CI-326-03.”
 

 Id.
 
 at 752(¶ 9).
 

 ¶ 20. In his motion for a directed verdict on the grounds that the State failed to make out a prima facie case, Hoye “must [have stated] specifically wherein the [S]tate ... failed to make out a prima facie case. In the absence of such specificity, the trial court will not be put in error for overruling same.”
 
 Banks,
 
 394 So.2d at 877. The testimony clearly showed Lewis was the confidential informant named in the indictment. Hoye failed to specify the grounds for the motion for a directed verdict and raises this alleged error for the first time on appeal. Based on the supreme court’s decision in
 
 Banks,
 
 we find this issue is without merit.
 

 ¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.