ROBERTS, J.,
 

 for the Court.
 

 ¶ 1. Roy Roderick Riley, Jr., was found sitting' in Pamela Boyte’s automobile at 9:30 p.m. on March 21, 2006. He was subsequently arrested and indicted on the charge of burglary of an automobile. Fol
 
 *752
 
 lowing his trial in the Circuit Court of Forrest County, Riley was convicted and sentenced. Riley now appeals and argues that the evidence presented at his trial was not sufficient for the jury to find him guilty of burglary of an automobile.
 

 ¶ 2. Finding no error, we affirm.
 

 PROCEDURAL HISTORY AND FACTS
 

 ¶ 3. Riley was convicted in the Circuit Court of Forrest County of burglary of an automobile in violation of Mississippi Code Annotated section 97-17-33 (Rev.2006). He was sentenced as a habitual offender to a term of seven years in the custody of the Mississippi Department of Corrections. Following the denial of his motion for a judgment notwithstanding the verdict (JNOV) or, alternatively, a new trial, Riley appealed.
 

 ¶ 4. During his trial, Riley testified that he did not have a permanent place of abode, but he had been living with his employer. He testified that on the evening of March 21, 2006, he, his employer, and another individual were drinking. After a disagreement, Riley’s benefactor told him to leave the house. Riley began walking down Carnes Road with the self-professed intention of reaching a gas station that was three to four miles away and contacting someone to assist him. However, on his way to the gas station, Riley diverged from his planned path. As it turned out, Riley was found outside the home of Jerry and Pamela Boyte inside an automobile belonging to Pamela. Neither Jerry nor Pamela knew Riley.
 

 ¶ 5. Riley testified on cross-examination that as a result of his inebriated state he “was scared of walking down the road ... [because] it was dark and [he] could have [been] run over.” He later testified that he believed it was not dark, but he could not be sure because of the amount of alcohol he had consumed. Riley testified that as he was walking down Carnes Road he saw Pamela’s automobile at approximately 9:30 p.m.; however, he thought that the automobile belonged to a friend. Testimony at trial revealed that the Boytes’ driveway was estimated to be anywhere between an eighth of a mile to five hundred yards long and unlit other than the light from the Boytes’ home. Nevertheless, Riley stated that he saw the automobile and sought refuge in it.
 

 ¶ 6. Jerry testified that he and Pamela were watching television on the night of March 21, 2006, when they were alerted by their dog barking. Jerry investigated the disturbance and saw Riley inside Pamela’s automobile on the passenger side. Pamela looked out of the window and also saw Riley on the passenger side of the vehicle. Jerry went back inside the house to obtain a pistol for protection and went back outside. At this point, Jerry noticed the passenger side door was closed, but he saw Riley seated in the automobile on the driver’s side with one foot inside the automobile and one foot outside the automobile. Jerry approached Riley and ordered him to get out of the automobile. Jerry testified that Riley refused and stated that he was taking the automobile. Jerry disagreed and forced Riley out of the automobile and onto the ground. Pamela called 911 and reported the disturbance. Jerry bound Riley’s hands and waited for law enforcement to arrive. Jerry and Pamela testified that nothing was missing from the automobile, and nothing from the automobile was found on Riley’s person during a post-arrest search.
 

 ¶ 7. Riley testified that when he got to the automobile, he went directly to the driver’s side and sat in the automobile. He claimed he was not trying to steal anything and only sat in the automobile to rest. Furthermore, he testified that the
 
 *753
 
 automobile was not more than seventy-five feet from the road and was well lit. However, he admitted that he was disoriented from the effects of the alcohol.
 

 ANALYSIS
 

 WHETHER THE TRIAL COURT ERRED IN DENYING RILEY’S MOTION FOR A DIRECTED VERDICT AND MOTION FOR JNOV OR, ALTERNATIVELY, A NEW TRIAL.
 

 ¶ 8. Our standard of review of a trial court’s denial of a motion for a directed verdict or a motion for JNOV or, alternatively, a new trial has been recently stated as such:
 

 A motion for a directed verdict and a motion for a judgment notwithstanding the verdict challenge the sufficiency of the evidence. When reviewing a case for sufficiency of the evidence, “the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” The evidence must show “beyond a reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.” If, keeping in mind the reasonable-doubt standard, “reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions on every element of the offense,” the evidence will be deemed to have been sufficient.
 

 Boone v. State,
 
 973 So.2d 237, 242(¶ 18) (Miss.2008) (quoting
 
 Brown v. State,
 
 970 So.2d 710, 712-13(¶ 7) (Miss.2007)) (internal citations omitted).
 

 ¶ 9. To convict Riley of burglary of an automobile under Mississippi Code Annotated section 97-17-33 (Rev.2006) the State was required to demonstrate that he: (1) broke into and entered an automobile; (2) “in which any goods, merchandise, equipment, or valuable thing shall be kept for use, sale, deposit, or transportation [; (3) ] with the intent to steal therein, or commit any felony.... ” Riley argues that the State failed to present sufficient proof to sustain a conviction of burglary of an automobile. Specifically, Riley claims that the State failed to present any evidence showing that Pamela’s automobile contained anything of value in accordance with the second element. Riley further argues that there were no facts introduced at trial from which a jury could reasonably infer the requisite intent to steal.
 

 A. Evidence of “goods, merchandise, equipment, or valuable [things] ... kept for use, sale, deposit, or transportation” in Pamela’s automobile.
 

 ¶ 10. In Riley’s renewed motion for a directed verdict, he argued that the State failed to meet its burden only in regard to demonstrating the intent to steal. Similarly, in his motion for JNOV or, alternatively, a new trial Riley argued that “[t]he verdict of the jury is contrary to law and the weight of evidence.” However, he was not specific on how the jury’s verdict was contrary to law. “A motion for a directed verdict on the grounds that the State has failed to make out a prima facie case must state specifically wherein the State has failed to make out a prima facie case.”
 
 Banks v. State,
 
 394 So.2d 875, 877 (Miss.1981). Such specificity is also required in a motion for JNOV.
 
 Davis v. State,
 
 891 So.2d 256, 258(¶ 6) (Miss.Ct.App. 2004) (citing
 
 Banks,
 
 394 So.2d at 877). If not specifically argued before the trial court, such is waived as issues may not be raised for the first time on appeal.
 
 Anderson v. State,
 
 904 So.2d 973, 978(¶ 16)
 
 *754
 
 (Miss.2004). Therefore, because Riley failed to raise this issue before the trial court, he may not raise it on appeal.
 

 ¶ 11. Notwithstanding the procedural bar, Riley’s argument nonetheless fails. While neither an inventory of the automobile, nor other proof of its contents were entered into evidence, it can be inferred from the testimony at trial that the automobile contained items sufficient to satisfy section 97-17-33. Jerry testified that the automobile was the family vehicle. Furthermore, in reference to two pictures of the vehicle admitted into evidence that show the automobile parked approximately ten feet away from the Boytes’ home, Pamela testified that she always parked the vehicle in the same spot depicted in the photographs. Lastly, Riley testified that he sat in the driver’s side front seat of the vehicle to rest, and one photograph of the automobile shows the passenger side seat was also intact.
 

 ¶ 12. The State argues that from the above evidence, the jury could have reasonably inferred that the automobile contained at least two seats, a steering wheel, a gear shift, acceleration and brake pedals, and other items necessary for operation of the vehicle. We agree and find that such items certainly qualify as, at the very least, “equipment, or valuable [things] ... kept for use.” Therefore, this issue is without merit.
 

 B. Evidence of intent to steal.
 

 ¶ 13. Riley next argues that no evidence was presented from which the jury could properly infer that he intended to steal from Pamela’s automobile. Riley states that the evidence showed that he did not run, no burglar tools were found, and no property had been removed from the automobile, so this Court must reverse and render as to his conviction and sentence for lack of sufficient evidence on intent to steal.
 

 ¶ 14. The supreme court has held that “intent is an emotional operation of the mind, and is usually shown by acts and declarations of the defendant coupled with facts and circumstances surrounding him at the time. [A] [djefendant’s intention is manifested largely by the things he does.”
 
 Brown v. State,
 
 799 So.2d 870, 872(¶ 8) (Miss.2001) (quoting
 
 Newburn v. State,
 
 205 So.2d 260, 265 (Miss.1967)). Furthermore, an “inference of the intent to steal may arise from proof of the breaking and entering.”
 
 Broomfield, v. State,
 
 878 So.2d 207, 214(1122) (Miss.Ct.App.2004) (quoting
 
 Crawford v. State,
 
 839 So.2d 594, 595(¶ 6) (Miss.Ct.App.2003)).
 

 ¶ 15. It is uncontested that Riley broke into and entered Pamela’s automobile. Furthermore, Riley conceded that it was approximately 9:30 p.m. when he was discovered inside Pamela’s automobile, but he testified that he saw the automobile from the road. However, the testimony at trial established that Pamela’s automobile was parked in front of the house, and that the Boytes’ driveway was unlit and between an eighth of a mile to five hundred yards long. Additionally, while he testified at trial that he sought out the automobile because he believed it belonged to his friend and went straight to the driver’s side front seat to rest, Pamela and Jerry testified that they saw him inside the vehicle on the passenger side. Subsequently, Jerry testified that when he returned to the automobile, the driver’s side door was open and Riley was sitting on the driver’s side front seat. Lastly, Jerry testified without contradiction that when he ordered Riley out of the automobile, Riley refused and proclaimed that he was taking the automobile.
 

 ¶ 16. While there are conflicts in the evidence presented to the jury, it has long been held that when such an instance arises the jury shall “be the sole judge of the credibility of witnesses and the weight
 
 *755
 
 and worth of their testimony.”
 
 Harris v. State,
 
 970 So.2d 151, 156(¶ 20) (Miss.2007) (quoting
 
 Gathright v. State,
 
 380 So.2d 1276, 1278 (Miss.1980)). The jury could have properly inferred that Riley happened upon Pamela’s automobile after venturing down an long and unlit driveway. Further, from the testimonies of the Boytes, the jury could have properly inferred that Riley broke into and entered Pamela’s automobile on the passenger side with the intent to steal, but after examining the passenger side, he found nothing to his liking. Undeterred, Riley proceeded to the driver’s side to continue his search. When confronted by Jerry, Riley neither apologized for being inside the vehicle, nor explained that he thought it belonged to someone else. Instead, he refused to exit the vehicle and informed Jerry that he was taking the automobile. Viewing the evidence in the light most favorable to the prosecution, we find that there was sufficient evidence for the jury to properly infer that Riley had the intent to steal when he broke into and entered Pamela’s automobile. This issue is without merit.
 

 ¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY OF CONVICTION OF BURGLARY OF AN AUTOMOBILE AND SENTENCE OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR. IRVING, J, CONCURS IN RESULT ONLY.