CARLTON, J„
 

 for the'Court:
 

 ¶ 1. This case comes before this Court on appeal from the Hinds County Circuit Court’s denial of George G. Morris’s motion for post-conviction relief. Aggrieved with the circuit court’s judgment, Morris appeals, raising the issue of whether the circuit court erred in not finding that Morris was denied effective assistance of counsel. Morris asserts that the circuit court erred in not allowing him to present relevant and material evidence at his sentencing hearing, and also erred in finding that Morris’s guilty pleas were freely and voluntarily given. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. On October 14, 2004, a grand jury in Hinds County indicted Morris on thirteen counts of gratification of lust and sexual battery in violation of Mississippi Code Annotated sections 97-5-23(2) (Rev.2006) and 97-3-95(2) (Rev.2006), respectively. Morris pled guilty on September 12, 2005, in the Hinds County Circuit Court to Count II gratification of lust and Count IV sexual battery, with Counts I, III, and V through XIII remanded to the files.
 

 ¶ 3. On September 26, 2005, Morris was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections (MDOC): ten years on Count II and twenty years, with ten years suspended, on Count IV. Morris subsequently filed a motion for post-conviction relief on May 7, 2007, and his motion was denied on December 13, 2007. This appeal followed.
 

 STANDARD OF REVIEW
 

 ¶ 4. This Court will not disturb a circuit court’s decision to deny a motion for post-conviction relief unless the circuit court’s findings are clearly erroneous.
 
 Boyd v. State,
 
 926 So.2d 233, 234 (¶ 2) (Miss.Ct.App.2005). However, we review questions of law de novo.
 
 Id.
 

 DISCUSSION
 

 Ineffective Assistance of Counsel
 

 ¶ 5. Morris argues that he was denied effective assistance of counsel at his sentencing hearing. Specifically, Morris claims that his counsel was ineffective in presenting evidence on his behalf. Morris also claims that his counsel failed to object when the circuit court denied Morris the right to call two witnesses who were pres
 
 *101
 
 ent at the sentencing hearing. Morris alleges that his counsel also misinformed and misled him and others about the length of the total sentence Morris would receive if he pled guilty.
 

 ¶ 6. An inmate asserting a claim of ineffective assistance of counsel is required to “allege with specificity and detail” the facts that show: (1) the attorney’s performance was deficient and (2) that the inmate suffered prejudice caused as a result of the deficient performance.
 
 Kinney v. State,
 
 737 So.2d 1038, 1041 (¶8) (Miss.Ct.App.1999) (citing
 
 Cole v. State,
 
 666 So.2d 767, 777 (Miss.1995));
 
 see also Strickland v. Washington,
 
 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The two-prong test set forth in
 
 Strickland
 
 to determine whether the defendant has received ineffective assistance of counsel applies to challenges to guilty pleas as well.
 
 Kinney,
 
 737 So.2d at 1041 (¶ 8) (quoting
 
 Hill v. Lockhart,
 
 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). If the petitioner pled guilty on the advice of his trial counsel, he must prove that his trial counsel committed “unprofessional errors of substantial gravity,” without which he would not have pled guilty.
 
 Cole v. State,
 
 918 So.2d 890, 894 (¶ 10) (Miss.Ct.App.2006). Furthermore, “[t]here is a strong but rebuttable presumption that counsel’s conduct fell within the wide range of reasonable professional assistance.”
 
 Kinney,
 
 737 So.2d at 1041 (¶ 8) (citing
 
 Moody v. State,
 
 644 So.2d 451, 456 (Miss.1994)). Additionally, we presume that counsel’s decisions are strategic.
 
 Leatherwood v. State,
 
 473 So.2d 964, 969 (Miss.1985) (citing
 
 Murray v. Maggio,
 
 736 F.2d 279, 282 (5th Cir.1984)).
 

 A. Presentation of Relevant and Material Evidence at Sentencing
 

 ¶ 7. Morris asserts that his counsel erred by not objecting when the circuit court did not allow Morris to present two additional witnesses on his behalf during his sentencing, which he claims is a violation of his constitutional rights. Morris states that four witnesses were present and ready to testify on his behalf at his sentencing, and the trial court did not allow two of these witnesses, his son and his minister, to testify.
 

 ¶ 8. Morris cites
 
 Skipper v. South Carolina,
 
 476 U.S. 1, 4, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986), asserting that exclusion of testimony in the sentencing phase denies him of his right to have a compulsory process for obtaining witnesses in his favor. Morris claims that the circuit court’s refusal to let his son and minister testify falls within the scope of the plain-error rule. Morris points to
 
 Davis v. State,
 
 891 So.2d 256, 259 (¶ 10) (Miss.Ct.App.2004), where this Court stated that under the plain-error rule, “nothing precludes a court from taking notice of plain errors affecting the substantial rights of a defendant, even though they were not brought to the attention of the trial court.” The court, upon appeal, may invoke the plain-error rule if the party convinces the court of the “substantial injustice that would occur if the rule were not invoked ... [otherwise, a contemporaneous objection is required in order to preserve an error for appellate review.”
 
 Id.
 
 (internal citations omitted).
 

 ¶ 9. In the present case, during sentencing, the circuit court heard statements from Morris, his daughter, and his sister-in-law. The court also heard statements from the victim and her mother, both of whom requested that Morris receive the maximum sentence possible — fifteen years for gratification of lust and thirty years for sexual battery. In addition, the court read letters written on Morris’s behalf by friends, as well as a pre-sentence investí-
 
 *102
 
 gative report prior to sentencing. However, Morris claims that by not also allowing his son and his minister to speak on his behalf at the sentencing hearing, the judge unfaiiiy limited the number of witnesses and testimony that Morris was allowed to present.
 

 ¶ 10. Morris bears the burden of proof to show evidence of alleged ineffective assistance of counsel.
 
 Leatherwood,
 
 473 So.2d at 968. After reviewing the record, we find no evidence to suggest that two additional witnesses speaking on Morris’s behalf would have changed the outcome of his sentencing hearing. Morris has not shown that his son or minister would have offered any additional mitigating testimony that had not already been offered by his daughter or sister-in-law. Further, we note that the circuit court sentenced Morris to serve only ten years in the custody of the MDOC, as opposed to the maximum sentence he could have received. As a result, we find that no substantial injustice occurred by not allowing the testimony of Morris’s son and minister. Therefore, Morris failed to satisfy the first prong of the
 
 Strickland
 
 test by failing to present evidence of his counsel’s deficient performance.
 

 ¶ 11. We further note that Morris failed to contemporaneously object to the circuit court’s decision to hear from only two of his witnesses, in addition to Morris himself, at the sentencing hearing. In
 
 Willie v. State,
 
 585 So.2d 660, 677 (Miss.1991) (overruled on other grounds), the Mississippi Supreme Court found no reversible error in limiting the number of witnesses who testified at the sentencing phase of a trial. The supreme court held that by failing to make a contemporaneous objection as to the number of witnesses allowed to testify, the defendant himself, and not the judge, “did the actual limiting.”
 
 Id.
 
 Similarly, we find Morris, and not the circuit court judge, responsible for limiting the number of witnesses testifying at his sentencing hearing. As stated above, no evidence in the record suggests that the testimony from these witnesses would provide additional mitigating evidence that would not have been cumulative or that the additional testimony would have led to a different outcome in Morris’s sentencing healing. Hence, Morris failed to show any evidence of prejudice in the limitation of witnesses at his sentencing hearing; accordingly, Morris has failed to satisfy the second prong of the
 
 Strickland
 
 test. This issue is without merit.
 

 B. Acceptance of Guilty Pleas
 

 ¶ 12. Morris also argues that his guilty pleas were based on misrepresentations from his counsel regarding the length of his total sentence. As a result, he alleges that his guilty pleas were not freely and voluntarily given; thus, the circuit court erred by accepting his pleas. Morris claims that he did not understand the effect of his pleas, nor did he understand the possible sentence he might receive as a result of pleading guilty.
 

 ¶ 13. “A guilty plea must be voluntarily, intelligently, and knowingly entered in order to be binding upon a criminal defendant.”
 
 Owens v. State,
 
 996 So.2d 85, 94 (¶ 31) (Miss.Ct.App.2008). “A plea is deemed ‘voluntary and intelligent’ only where the defendant is advised concerning the nature of the charge against him and the consequences of the plea.”
 
 Alexander v. State,
 
 605 So.2d 1170, 1172 (Miss.1992) (citing
 
 Wilson v. State,
 
 577 So.2d 394, 396-97 (Miss.1991)). Specifically, a defendant must be advised of the maximum and minimum sentences that may be imposed and “that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self incrimination.” Id. (citation omitted). The petitioner carries the burden of prov
 
 *103
 
 ing that his plea was not voluntary, intelligently, and knowingly given.
 
 Owens,
 
 996 So.2d at 94 (¶ 31).
 

 ¶ 14. In
 
 Mills v. State,
 
 986 So.2d 345, 347 (¶ 7) (Miss.Ct.App.2008), Billy Mills, Jr. alleged ineffective assistance of counsel, claiming that his counsel promised him a substantially lighter sentence than the one he had received. Diming the plea hearing, Mills affirmed under oath that he understood he could receive the maximum sentence on each count to which he pled guilty.
 
 Id.
 
 at 347-48 (¶ 9). This Court affirmed the circuit court’s order dismissing Mills’s motion for post-conviction relief, holding that based on the plea transcript, it was clear that prior to pleading guilty, Mills knew that the judge could sentence him to the maximum sentence, despite what he might have been told to the contrary.
 
 Id.
 
 at 349 (¶ 10). Further, we noted that even if such a promise of a lighter sentence had been made, the circuit court made it clear during the plea hearing that the court would not be bound by the promise.
 
 Id.
 
 at 350 (¶ 14).
 

 ¶ 15. The record before us contains the transcript from Morris’s plea hearing. While under oath, Morris stated that he understood that by taking an open plea, the court could sentence him to the maximum term or sentence on each of the two counts against him. Morris also testified that no one told him that the judge would be more lenient in sentencing him if he pled guilty rather than proceeding to trial. This statement under oath contradicts his affidavit, submitted herein in support of his motion for post-conviction relief, in which Morris alleges that his attorney led him to believe that if he agreed to an open plea of guilty, he would more than likely receive a total sentence of a year or less. A post-conviction-relief motion supported by the affidavit of the accused alone fails to meet the pleading requirements of Mississippi Code Annotated section 99-39-9 (Supp.2009); therefore, it “is deficient on its face and properly dismissed without an evidentiary hearing.”
 
 Edwards v. Slate,
 
 995 So.2d 824, 826-27 (¶ 11) (Miss.Ct.App.2008). We note that Morris also provided affidavits from his sister, Deborah Morris-Kern, and brother-in-law, Glen Kern, who stated that Morris’s counsel also separately explained to them by telephone that once Morris entered his guilty plea, the circuit court would consider the one year Morris had already served in jail as sufficient punishment and give Morris “time served,” thus allowing him to be released on the day he was sentenced. However, any miscommunication or misunderstanding between Morris’s sister, brother-in-law, and Morris’s attorney fails to impact the validity of Morris’s pleas, since Morris himself testified under oath as to fully understanding his pleas and the maximum and minimum sentences.
 

 ¶ 16. Morris also argues that at his sentencing hearing, the circuit court did not verbally state the maximum and minimum sentences for the charges against him. However, the record reflects that in Morris’s petition to enter a plea of guilty, he acknowledged that his counsel had informed him of the maximum and minimum punishment he could receive for his crimes. We also note that Morris filled in the blanks in the plea petition with the maximum years that he could be sentenced to for both gratification of lust and sexual battery and stated that there was no minimum. In
 
 Dennis v. State,
 
 873 So.2d 1045, 1047-48 (¶¶ 6-7) (Miss.Ct.App.2004), this Court held that a trial judge’s failure to verbally state the maximum and minimum penalties during a plea hearing was harmless error where the plea petition stated the maximum and minimum sentences for the offenses charged.
 

 ¶ 17. In the present case, the circuit court stated in its order denying relief that:
 

 
 *104
 
 The court finds that defendant, was competently represented by counsel, and did willingly, intelligently, knowingly and voluntarily plead guilty to the charges of gratification [of lust] and sexual battery, after being thoroughly advised by the court on his waiver of constitutional rights. Defendant also advised that he was satisfied with the representation provided by counsel.
 

 The record reflects that Morris acknowledged to the circuit court that he understood that by pleading guilty, he was waiving his constitutional rights. Morris further admitted that he was in fact guilty of the charges of sexual battery and gratification of lust. At his plea colloquy, Morris also stated under oath that he had not been promised a more lenient sentence to either charge should he plead guilty. Moreover, Morris affirmed under oath that he was satisfied with his representation by his counsel.
 

 ¶ 18. We find that Morris has failed to carry his burden of proof to show that his guilty pleas were not voluntarily, intelligently, and knowingly given. This issue is, therefore, without merit. We affirm the circuit court’s denial of Morris’s petition for post-conviction relief.
 

 ¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR. IRVING, J, NOT PARTICIPATING.